ESTATE OF RADOCAY: ZGELA, Appellant, v. STATE, Respondent.

*April 12—May 10, 1966.*

672

For the appellant there was a brief by *Rummel & Connolly,* attorneys, and *L. William Connolly* of counsel, all of Milwaukee, and oral argument by *L. William Connolly.*

For the respondent the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

GORDON, J. Although the appellant had a hearing in the county court, in which it was determined that she was not an heir of the deceased Frank Radocay, she nevertheless has sought further inquiry into that question pursuant to sec. 318.03 (4), Stats. In considering her present application, the trial court held that the prior order was determinative of her claim and that further examination was barred since the matter was *res judicata;* the trial court stated that "the quantum of evidence

and burden of proof upon the trial of heirship is identical to that required to establish claim to a refund."

The principal argument advanced by the appellant is that an amendment of sec. 318.03 (4), Stats., evidences a legislative intention to grant a hearing under that statute to an applicant notwithstanding the fact that he may have previously unsuccessfully presented his claim in a proof-of-heirship proceeding. This argument relies on the amendment contained in ch. 190, sec. 37, Laws of 1933. Prior to its amendment in 1933 the statute expressly provided that the remedy for obtaining escheated funds was available only to one "who had not before asserted claim thereto." The 1933 amendment omitted the quoted words in the foregoing sentence.

The appellant urges that this reflects an intention on the part of the legislature to permit applicants to resubmit their claims to escheated property and in effect eliminates the availability of *res judicata* as a defense.

In our opinion, this contention is unsound. The statutory change was a part of Bill No. 123, S., which contains as a note to sec. 37 the following:

" 'Who had not before asserted claim thereto' is struck out. If the claimant appeared in the probate proceedings he is barred by the judgment. Any other assertion of his claim should not be a bar; he should have 'his day in court.' When he has had that, he is through."

It should be observed that although Bill No. 123, S., was in form a revisor's bill, it was upon its face stated to be the work of the committee on rules of pleading, practice and procedure created by sec. 251.18, Stats.

Our examination of this legislative history persuades us that the amendment was not designed to remove the defense of *res judicata*. The defense of *res judicata* to a claim under sec. 318.03 (4), Stats., may properly be presented in a probate court. *Estate of Hatzl* (1964), 24 Wis. (2d) 64, 72, 72a, 127 N. W. (2d) 782, 129 N. W. (2d) 249. *Res judicata* is particularly applicable since it is apparent that the amount of proof and the quality

thereof would be the same in the proceedings under sec. 318.03 (4) as it was in the proof of heirship.

*Res judicata* is a well-established doctrine calculated to prevent repetitive litigation. *Cathey v. Industrial Comm.* (1964), 25 Wis. (2d) 184, 186, 130 N. W. (2d) 777; *O'Brien v. Hessman* (1962), 16 Wis. (2d) 455, 458, 114 N. W. (2d) 834; *Estate of Hertzfeld* (1960), 10 Wis. (2d) 333, 338, 102 N. W. (2d) 838.

In our opinion, the instant case is one in which the 1954 order of the county court is conclusive in the current proceedings. We believe that the appellant has had her "day in court."

*By the Court.*—Order affirmed.