CONQUISTADOR HOTEL CORPORATION,
Plaintiff-Respondent,

v.

Phil FORTINO, Defendant-Appellant.

Court of Appeals

*No. 79–1989. Submitted on briefs August 20, 1980.—*
*Decided September 23, 1980.*
(Also reported in 298 N.W.2d 236.)

For the defendant-appellant, the cause was submitted on the briefs of *Robert C. Kunda* of Brookfield.

For the plaintiff-respondent, the cause was submitted on the brief of *Burke & Schoetz* and *Willard G. Neary,* of counsel, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J.  This case raises the question of whether the state of Wisconsin should accord full faith and credit to a foreign judgment rendered in a commonwealth of the United States enforcing a gambling debt. The trial court ordered that the plaintiff be allowed to enforce the judgment in the Milwaukee County Circuit Court, and we affirm.

Defendant spent three or four days at the Conquistador Hotel in Puerto Rico, and gambled at the hotel using the "marker system." He wrote a personal check to cover the markers, but stopped payment on the check after he returned home.

Plaintiff commenced an action against defendant on February 20, 1976, in the District Court of Puerto Rico, San Juan Section, for collection of the gambling debt. Plaintiff was served by mail pursuant to Rule 4.7 of the Puerto Rico Rules of Civil Procedure. A return receipt was signed on behalf of defendant on March 8, 1976.[1] Defendant never responded to the summons, and on May 24, 1976, after a hearing in open court, a default judgment was rendered against defendant by the Puerto Rican court. For purposes of this appeal, defendant correctly assumes that the gambling debt is valid and enforceable in Puerto Rico. *See Intercontinental Hotel Corp. v. Golden,* 15 N.Y.2d 9, 13, 203 N.E.2d 210, 212, 254 N.Y.S.2d 527, 529 (N.Y. 1964) (citing *United Hotels*

[1] Appellant's challenge to personal jurisdiction before the District Court of Puerto Rico, addressed for the first time in his reply brief, is clearly without merit.

*v. Willig*, 89 P.R.R. 185 (1963) ) ; P.R. Laws Ann. tit. 15, §71; P.R. Laws Ann. tit. 31, §4774.

On August 8, 1979, the judgment of the Puerto Rican court was filed and entered pursuant to sec. 806.24,[2]

[2] Sec. 806.24, Stats., the Uniform Enforcement of Foreign Judgments Act, provides:

(1) Definition. In this section "foreign judgment" means any judgment, decree or order of a court of the United States or any other court which is entitled to full faith and credit in this state.

(2) Filing and Status of Foreign Judgments. A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of circuit court of any county of this state. The clerk shall treat any foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.

(3) Notice of Filing. (a) At the time of the filing of the foreign judgment, the judgment creditor or lawyer shall make and file with the clerk of court an affidavit setting forth the name and last known post-office address of the judgment debtor and the judgment creditor.

(b) Promptly upon the filing of the foreign judgment and affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post-office address of the judgment creditor and the judgment creditor's lawyer, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

(c) No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until 15 days after the date the judgment is filed.

(4) Stay. (a) If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the se-

Stats., in the Milwaukee County Circuit Court. After oral argument and the filing of affidavits and a brief, enforcement of the judgment in the Milwaukee court was ordered by the trial court on November 27, 1979.

U.S. Const., art. IV, sec. 1 states: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

Our supreme court has stated:

The purpose of the full-faith-and-credit clause is "to establish throughout the federal system the salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that in which the judgment was rendered, so that a cause of action merged in a judgment in one state is likewise merged in every other." *Anderson v. Anderson*, 36 Wis.2d 455, 463, 153 N.W.2d 627, 631 (1967) (quoting *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 439 (1943)).

Numerous other courts have held that:

Judgments of the courts of the territories and dependencies of the United States, when properly authenticated,

curity for the satisfaction of the judgment required by the state in which it was rendered.

(b) If the judgment debtor shows the court any ground upon which enforcement of a judgment of any court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.

(5) Optional Procedure. The right of a judgment creditor to bring an action to enforce the judgment instead of proceeding under this section remains unimpaired.

(6) Uniformity of Interpretation. This section shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

(7) Short Title. This act may be cited as the "Uniform Enforcement of Foreign Judgments Act."

stand on the same footing as those of the courts of a state; are conclusive, and equally entitled to full faith and credit in all courts within the United States whether state or federal. *See Greenhouse v. Hargrave,* 509 P.2d 1360, 1362 (1973) and cases cited therein.

Similarly, 28 U.S.C. §1738 provides in part:

The records and judicial proceedings of any court of any such State, *Territory, or Possession,* or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.[3] Such Acts, records, and judicial proceedings, or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, *Territory, or Possession* from which they are taken. [Emphasis added.]

We hold that judgments of the courts of the territories and possessions of the United States are as equally entitled to full faith and credit in the courts of Wisconsin as are judgments of foreign states.

Defendant argues that any foreign judgment enforcing gambling debts is not entitled to full faith and credit in Wisconsin courts because of Wisconsin's strong public policy against the enforcement of gambling debts in Wisconsin courts, and cites *Bartlett v. Collins,* 109 Wis. 477, 85 N.W. 703 (1901) and sec. 895.055, Stats. Because the debt underlying the foreign judgment in this case could not be enforced in an original action in the courts of this state, defendant reasons that Wisconsin courts should not be used to enforce a judgment based on the debt.

---

[3] Sec. 802.24(2), Stats., authorizes local filing of a foreign judgment "authenticated in accordance with . . . the statutes of this state" or "the act of congress." *See* note 2, *supra.*

The question here is one of federal constitutional law, and we adopt §117 of the Restatement (Second) of Conflict of Laws (1971), as applicable to foreign judgments of states or territories and possessions of the United States:

§ 117. Original Claim Contrary to Public Policy of State Where Enforcement of Judgment is Sought

A valid judgment rendered in one State of the United States will be recognized and enforced in a sister state even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim.

Comment b. of this section illustrates the general rule:

b. *Situation in the United States.* As between states of the United States, the rule of this Section is one of constitutional law. Provided that the judgment is valid, full faith and credit requires that it be recognized and enforced in a sister State even though the original claim is contrary to the strong public policy of the sister State. *Fauntleroy v. Lum,* 210 U.S. 230 (1908).

. . . .

Assuming without deciding that the original claim underlying this case is contrary to the strong public policy of Wisconsin, the judgment of the District Court of Puerto Rico must be accorded full faith and credit in the Milwaukee County Circuit Court.

*By the Court.*—Order affirmed.