Robert A. BRUNER, Plaintiff-Appellant,

v.

James G. KOPS, Defendant-Respondent.

Court of Appeals

*No. 81–464.    Submitted on briefs October 14, 1981.—*
*Decided December 2, 1981.*
(Also reported in 314 N.W.2d 892.)

For the plaintiff-appellant the cause was submitted on the brief of *Thomas W. La Fave* of *Weber, Raithel, Malm & La Fave,* of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *Joseph W. Weigel* of *Weigel Law Firm,* of Milwaukee.

Before Decker, C. J., Moser, P. J., and Randa, J.

RANDA, J.  This is an appeal from an order of the circuit court dismissing Robert A. Bruner's (Bruner) complaint for failure to join the Department of Justice as a necessary party. We reverse.

## FACTS

On July 24, 1980, Bruner filed a complaint alleging that on July 26, 1978, the respondent James G. Kops (Kops) assaulted and battered Bruner causing bodily harm. The complaint further alleged that Bruner received compensation under ch. 949, Stats. Attached to the complaint was an assignment to Bruner by the Attorney General of any claim that the State of Wisconsin or the Department of Justice (Department) might have under sec. 949.15, Stats.

In his answer, Kops moved to dismiss the complaint on the ground that the joinder of the Department was not made as required by sec. 949.15 (2), Stats. and therefore, a necessary and indispensable party was not present. Kops contends that the Department could not assign their subrogated claim. Kops further asserts that since Bruner's cause of action arose before the amendments and additions to sec. 949.15, Stats. (1977),[1] he is pre-

---

[1] The 1977 version reads:

949.15 RECOVERY FROM OFFENDER. Whenever an order for the payment of an award for personal injury or death is or has been made under this chapter, the department shall be subrogated to the cause of action of the applicant against the person responsible for such injury or death and shall be entitled to bring

cluded from relying on the joinder provisions now contained in sec. 949.15.[2] Lastly, Kops argues that even if Bruner had a cause of action with the Department, the statute of limitations has run as to the Department as a necessary party and therefore Bruner's claim is also barred.

---

an action against such person for the amount of the damages sustained by the applicant. If an amount greater than that paid pursuant to the award order is recovered and collected in any such action, the department shall pay the balance to the applicant.

Under the 1977 version of sec. 949.15, Stats., DILHR was responsible for administering the program. Currently, the Department of Justice is responsible for the program.

[2] The 1979–80 version of sec. 949.15 states:

949.15 RECOVERY FROM OFFENDER. (1) Whenever an order for the payment of an award for personal injury or death is or has been made under this chapter, the department is subrogated to the cause of action of the applicant against the person responsible for the injury or death and may bring an action against the person for the amount of the damages sustained by the applicant. If an amount greater than that paid under the award order is recovered and collected in any such action, the department shall pay the balance to the applicant. If the person responsible for the injury or death has previously made restitution payments to the general fund under s. 973.09, any judgment obtained by the department under this section shall be reduced by the amount of the restitution payments to the general fund.

(2) If a claimant brings an action to recover damages in which the department has subrogation rights under sub. (1), the claimant shall join the department as a party under s. 803.03(2)(a). After joinder, the department has the options specified in s. 803.03(2)(b).

The 1979–80 version of sec. 949.15(2), Stats. was subsequently amended by sec. 1821 xm, ch. 20, Laws of 1981 to read as follows:

(2) . . . *In addition to the authority of the department to bring an action under sub. (1), the claimant may bring an action to recover damages. In any such action,* the department has subrogation rights under sub. (1) . . . *and* the claimant shall join the department as a party under s. 803.03(2)(a). After joinder, the department has the options specified in s. 803.03(2)(b).

## ISSUES RAISED ON APPEAL

1. Was Bruner's cause of action governed by sec. 949.15, Stats. (1977) so that after accepting an award thereunder, Bruner relinquished his cause of action?
2. Is the joinder under sec. 949.15 (2), Stats. necessary if the Department has assigned its rights?
3. Having failed to join the Department, was dismissal of the complaint the appropriate order?
4. If dismissal was not the appropriate order, was Bruner barred by the statute of limitations from reasserting his claim?

Because the facts in this case are not in dispute, the only questions presented to this court are matters of law. As to matters of law, this court need not give special deference to the findings of the trial court. *First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

### A.   Applicable Statute

Kops contends that Bruner's cause of action accrued under the 1977 version of sec. 949.15, Stats. Kops argues that under the language of sec. 949.15 (1977), once Bruner accepted an award he made an election of remedies and relinquished his *total* cause of action to the Department thus precluding him from bringing this action. We disagree. We hold that sec. 949.15, Stats. (1979–80) was meant to have retroactive application. We also hold that the doctrine of election of remedies is not applicable.

Generally, statutes are construed so as to have prospective application. *Wipperfurth v. U-Haul Co.,* 98 Wis. 2d 516, 522, 297 N.W.2d 65, 68 (Ct. App. 1980), *aff'd,* 101 Wis. 2d 586, 304 N.W.2d 767 (1981). The doctrine of prospective construction does not apply to remedial statutes which may be of a retrospective nature " 'pro-

vided that they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations.' " *Mosing v. Hagen,* 33 Wis. 2d 636, 641, 148 N.W.2d 93, 96 (1967). Remedial statutes have been defined as "those which afford a remedy, or improve or facilitate remedies already existing for the enforcement of rights and the redress of injuries." 3 C. Sands, *Statutes & Statutory Construction* § 60.02 (4th ed. 1974).

An examination of secs. 949.15 and 949.001, Stats. (1979–80) clearly indicates that sec. 949.15 is remedial in nature. A retroactive application of sec. 949.15 would impair no existing rights or obligations. We conclude that sec. 949.15 is to have retrospective application.

Kops argues that Bruner, by accepting an award under sec. 949.15, Stats., made an election of remedies. We disagree. The election of remedies doctrine has been defined "as 'the act of choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same set of facts.' " *Bank of Commerce v. Paine, Webber, Jackson & Curtis,* 39 Wis. 2d 30, 36, 158 N.W.2d 350, 352 (1968). [Footnote omitted.] The doctrine's purpose is to "prevent double redress for a single wrong." *Id.*

A receipt of an award under ch. 949 is not an election of one of several legal theories arising out of one cause of action or a means of double recovery. Bruner is merely seeking relief consistent with that already received under ch. 949. Section 949.15, Stats. clearly states that a victim may seek damages from the person responsible for the injury greater than that paid under the

award order. The Department is subrogated to the victim only for the amount of the award order.

## B. Assignment

Bruner argues that any subrogated interest the Department of Justice may have had on Bruner's cause of action was assigned to Bruner and therefore it was unnecessary to join the Department as a party. We disagree.

Section 949.15(2), Stats. clearly states that "the claimant *shall* join the department" as a party under sec. 803.03(2)(a). [Emphasis added.] Section 803.03(2)(a) provides that "[a] party . . . shall join as parties . . . all persons who at the commencement of the action have claims based upon subrogation. . . ." Furthermore, sec. 803.03(2)(c) specifically requires the court to determine whether the Department is subrogated and to "make such orders as are necessary to effectuate the purposes of this section."

It is clear that the whole purpose behind secs. 949.15 (2), 803.03(2)(a) and 803.03(2)(c), Stats. is to require the joinder of persons with subrogation rights. The procedure set out in the statutes is exclusive and cannot be circumvented by an assignment by the Department of its rights and interests. Accordingly, we hold that once Bruner made a claim under sec. 949.15, the Department became Bruner's subrogee and as a subrogee the Department was a necessary party for joinder purposes in Bruner's claim against Kops under sec. 949.15(2).[3]

---

[3] The authority of the Department to assign its claim need not be reached here in light of our conclusion that regardless of the validity of the assignment, the Department must still be joined as a necessary party.

## C.   Dismissal of the Complaint

The trial court dismissed Bruner's complaint on the basis of Bruner's failure to join the Department as a necessary party. Failure to join a necessary party under secs. 803.03[4] and 949.15(2), Stats., is not a basis for dismissal without an examination by the trial court pursuant to sec. 803.03(2)(c). Under this section, the trial court must inquire as to the Department's subrogation interests to determine if an award has been made pursu-

---

[4] 803.03 JOINDER OF PERSONS NEEDED FOR JUST AND COMPLETE ADJUDICATION.

(2) Claims Arising By Subrogation, Derivation And Assignment. (a) *Joinder of related claims.* A party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim, or assignment of part of the principal claim. For purposes of this section, a person's right to recover for loss of consortium shall be deemed a derivative right. Any public assistance recipient asserting a claim against a 3rd party for which the public assistance provider has a right of subrogation or assignment under s. 49.65(1) or (2) shall join the provider as a party to the claim. Any party asserting a claim based upon subrogation to part of the claim of another, derivation from the rights or claim of another, or assignment of part of the rights or claim of another shall join as a party to the action the person to whose rights the party is subrogated, from whose claim the party derives his or her rights or claim, or by whose assignment the party acquired his or her rights or claim.

. . .

(c) *Scheduling and pretrial conferences.* At the scheduling conference and pretrial conference, the judge to whom the case has been assigned shall inquire concerning the existence of and joinder of persons with subrogated, derivative or assigned rights and shall make such orders as are necessary to effectuate the purpose of this section. *If the case is an action to recover damages based on alleged criminally injurious conduct, the court shall inquire to see if an award has been made under ch. 949 and if the department of justice is subrogated to the cause of action under s. 949.15.* [Emphasis added.]

ant to ch. 949 and then "make such orders as are necessary to effectuate the purposes of this section." The trial court's obligation is further defined by sec. 803.03(3).[5]

Having found that Bruner had failed to join the Department as required by sec. 949.15, Stats., the trial court should have followed the procedure set forth in sec. 949.15 and 803.03. Because the trial court did not follow that procedure, we must reverse.

### D.   Statute of Limitations

Bruner was required by sec. 949.15(2), Stats., to join the Department as a party under sec. 803.03(2)(a). Kops contends that since the statute of limitations now bars the Department's claim, Bruner's claim is also barred.

---

[5] 803.03 JOINDER OF PERSONS NEEDED FOR JUST AND COMPLETE ADJUDICATION.

(3) Determination By Court Whenever Joinder Not Feasible. *If any such person has not been so joined, the judge to whom the case has been assigned shall order that the person be made a party.* If the party should join as a plaintiff but refuses to do so, the party may be made a defendant, or, in a proper case, an involuntary plaintiff. If a person as described in subs. (1) and (2) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include;

(a) To what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;

(b) The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

(c) Whether a judgment rendered in the person's absence will be adequate; and

(d) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. [Emphasis added.]

Under the reasoning of *Heifetz v. Johnson,* 61 Wis. 2d 111, 211 N.W.2d 834 (1973), Bruner's failure to join the Department would only bar the Department's claim. In *Heifetz,* Heifetz had been injured in a 1968 automobile collision with the defendant resulting in personal injuries to Heifetz. Heifetz received $2,000 for medical expenses from his insurer, Heritage, and in return executed a "subrogation receipt and assignment" to Heritage in 1969. Heifetz then brought a personal injury action against the defendant 11 days before the statute of limitations was to run, without joining the insurer as a plaintiff. After the 11 days had passed, the defendant moved for summary judgment, contending that Heritage was an indispensable party to the action and that failure to join Heritage before the running of the statute of limitations was ineffective to toll the statute even as to those plaintiffs already found in the action.

Noting that in Wisconsin the running of the statute of limitations extinguishes not only the right of action but also the cause of action, our supreme court held that although Heritage was initially an indispensable party, the statute of limitations had effectively barred Heritage from asserting its cause of action thereby stripping it of indispensable status. *Id.* at 124–25, 211 N.W.2d at 841. Therefore, Heifetz' cause of action was not barred. *See Kochel v. Hartford Accident & Indemnity Co.,* 66 Wis. 2d 405, 225 N.W.2d 604 (1975).

Kops contends, however, that because of the specific language of sec. 949.15(2), Stats. which requires that the claimants "shall join the department as a party," the Department must remain an indispensable party despite the language of *Heifetz.* Therefore, Bruner's failure to join the Department before the running of the statute of limitations bars both Bruner's and the Department's claim. We disagree.

The position taken by the court in *Heifetz* has been superseded by the enactment of sec. 803.03(2)(a), Stats. Section 803.03(2)(a) requires the joinder of persons who at the commencement of the action possess part of the original cause of action by means of subrogation, derivation or assignment. The legislature by referring to subrogation, derivation or assignment as "parts of the claim in chief," makes it clear that there is only one cause of action. The Judicial Council Committee's Note, 1974, states that subsection (2) "is intended to foster economy of judicial effort by requiring that all 'parts' of a single cause of action whether arising by subrogation, derivation, or assignment, be brought before the court in one action."

Charles A. Clausen and David P. Lowe in their article *The New Wisconsin Rules of Civil Procedure,* 59 Marq. L. Rev. 1, 89 (1976), persuasively argue that sec. 803.03 (2)(c) "also makes it clear that the entire claim, including all of its constituent parts, is effectively commenced with the filing of one summons by the principal claimant." They continue:

At the scheduling and pre-trial conferences, the judge assigned to the case "shall inquire concerning the existence of and joinder of persons with subrogated, derivative, or assigned rights and shall make such orders as are necessary to effectuate the purposes of this section." If the new rules were to recognize the *Heifetz* and *Kochel* holdings with reference to the statute of limitations, the judge would be unable to order the joinder of a party possessing a subrogated, assigned or derivative part of the principal claim if the statute of limitations had run between that time and the commencement of the principal action. But the rule recognizes no such limitation. Thus, the new rules provide a clear basis for a change in the rulings of *Heifetz* and *Kochel* with respect to commencement of actions in those cases where a claim is split. [Footnote omitted.] *Id.* at 89–90.

We conclude that under sec. 803.03(2)(a), Stats., Bruner by bringing his principal claim tolled the statute of limitations as to the Department's subrogated claim, and was not barred from bringing this action.

*By the Court.*—Order reversed.