Dexter HAMILTON, Plaintiff-Respondent,

v.

SCM CORPORATION, a foreign corporation, Defendant-Appellant,

BERKEL, INC., a foreign corporation, Defendant-Respondent.

Court of Appeals

*No. 82–1381. Submitted on briefs March 11, 1983.—*
*Decided April 13, 1983.*
(Also reported in 334 N.W.2d 688.)

26

For the defendant-appellant the cause was submitted on the briefs of *Prosser, Wiedabach & Quale, S.C.*, by *Jack R. Wiedabach* and *Linda E. Barger*, of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *Borgelt, Powell, Peterson & Frauen, S.C.*, by *Robert C. Burrell* and *Richard W. Silverthorn*, of Milwaukee.

Before Moser, P.J., Decker and Wedemeyer, JJ.

MOSER, P.J.  SCM Corporation (SCM) appeals from a nonfinal order of the trial court, wherein the trial court denied SCM's motion for summary judgment. On August 30, 1982, we granted SCM's petition for leave to appeal a nonfinal order.[1] Because we hold that SCM is entitled to summary judgment as a matter of law, we reverse the order of the trial court and remand the cause with directions.

Dexter Hamilton (Hamilton) commenced this action against Berkel, Inc. (Berkel) and SCM for damages

---

\* See Callaghan's Wisconsin Digest, same topic and section number.

[1] *See* sec. 808.03(2), Stats.

arising out of an injury caused while he was using an electrical meat grinding machine manufactured and sold by Enterprise Manufacturing Company (Enterprise). Hamilton's complaint alleges that both Berkel and SCM are successor corporations and have assumed all the liabilities and obligations of Enterprise.

The record establishes that the meat grinder in question was manufactured by Enterprise prior to 1956. In 1955, Enterprise merged into the Silex Company (Silex) with Silex continuing Enterprise's operations as the Enterprise division of Silex. On July 27, 1956, U.S. Slicing Machine Company (U.S. Slicing), Berkel's predecessor, entered into an agreement with Silex to purchase the industrial and commercial lines of Silex's Enterprise division. The meat grinder in question was the type of machine included in the sale. Paragraph 8 of this agreement provided as follows: "Enterprise-1956 agrees to assume all liabilities, obligations, contracts, orders for the purchase of material and warranties of First Party made in connection with the manufacture and sale of products assigned hereunder to Enterprise-1956 as part of the commercial and industrial line."

To facilitate this sale, a new corporation, Enterprise-1956, was formed. The board of directors of Enterprise-1956, voted to have the corporation cease operations and distribute its assets and property to U.S. Slicing, subject to all liabilities of Enterprise-1956. In 1970, U.S. Slicing changed its name to Berkel.

In 1960, Silex merged with the Proctor Electric Company. Silex was the surviving corporation and was renamed The Proctor-Silex Corporation (Proctor-Silex). In 1966, Proctor-Silex merged with SCM, with the surviving corporation retaining the name SCM.

Berkel and SCM have cross complained against each other for indemnification and contribution. SCM, by its amended cross complaint and amended answer to Berk-

el's cross claim, asserted that the question of SCM's right to indemnification has been fully adjudicated in the California case of *SCM Corp. v. Berkel, Inc.*[2]

On May 26, 1982, SCM filed a motion for summary judgment on its cross claim for indemnification against Berkel. SCM argued that the judgment in the California case, *SCM Corp. v. Berkel, Inc.,*[3] was entitled to full faith and credit under the United States Constitution and therefore it was entitled to full indemnification from Berkel for any costs of defending the action and for payment by Berkel of any judgment which may be awarded to Hamilton against SCM.

On July 14, 1982, the trial court, in a memorandum decision, denied SCM's motion for summary judgment. SCM appeals from this nonfinal order.

The sole issue on appeal is whether SCM is entitled to summary judgment as a matter of law because the judgment rendered by the California Court of Appeals determining the rights and liabilities of SCM and Berkel under the contract, is entitled to full faith and credit under the United States Constitution. Thus, an action in Wisconsin between the same parties to determine their rights and liabilities under the same contract is barred by the doctrine of *res judicata.*

SCM argues that the full faith and credit clause of the United States Constitution requires that the California judgment be recognized as valid in Wisconsin. We agree.

In *SCM Corp. v. Berkel, Inc.,*[4] Berkel and SCM litigated the issue of whether Berkel assumed liability for claims arising out of the use of meat grinders manufactured by Enterprise similar to the one in question. In that case, Berkel and SCM entered into the following stipulation:

---

[2] 140 Cal. Rptr. 559 (Ct. App.), *review denied* (1977).

[3] *Id.*

[4] *Id.*

IT IS STIPULATED, . . . that the cross-complaints filed by said parties herein shall be deemed amended to include a request to determine all issues and a declaration of this court of the rights, liabilities and obligations of each of said parties to that certain agreement of July 27, 1956 by and between THE SILEX COMPANY, a corporation, and U.S. SLICING MACHINE COMPANY, INC., a corporation, and any amendments thereto.[5]

Accordingly, the action was litigated as an action for declaratory judgment. The California Court of Appeals held that by paragraph 8 of the 1956 agreement the parties intended that Berkel would assume liability for all models transferred, old as well as new, and that Berkel must satisfy any judgment rendered in favor of the plaintiff against SCM and must conduct, at its sole expense, the defense of SCM. The California Supreme Court denied Berkel's petition for review.

The United States Constitution's full faith and credit clause reads as follows: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."[6] Our supreme court has stated:

The purpose of the full-faith-and-credit clause is "to establish throughout the federal system the salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that in which the judgment was rendered, so that a cause of action merged in a judgment in one state is likewise merged in every other."[7] [Citations omitted.]

[5] *Id.* at 561.

[6] U.S. Const. art. IV, § 1.

[7] *Conquistador Hotel Corp. v. Fortino,* 99 Wis. 2d 16, 19, 298 N.W.2d 236, 238 (Ct. App. 1980), *quoting Anderson v. Anderson,* 36 Wis. 2d 455, 463, 153 N.W.2d 627, 631 (1967).

Accordingly, we conclude that the California judgment, being a valid judgment, is entitled to full faith and credit in Wisconsin.

SCM argues that, because the California judgment must be accorded full faith and credit, the doctrine of *res judicata* bars the relitigation of the parties' rights under the 1956 agreement. We agree.

A judgment of a sister state which is entitled to full faith and credit in Wisconsin bars a party from relitigating the issues which were litigated or which might have been litigated in that action resulting in the judgment under the doctrine of *res judicata*.[8] On review of a determination as to whether the doctrine of *res judicata* applies, we are presented with a question of law.[9] As to questions of law, an appellate court need not give special deference to determinations of the trial court.[10]

Generally, the doctrine of *res judicata* states that a final judgment is conclusive in all subsequent actions as to all matters which were litigated or which might have been litigated in the former proceedings.[11] A valid and final judgment on the merits in favor of one party bars another action by the other party on the same claim.[12] The purpose of the doctrine of *res judicata* is to prevent repetitive litigation.[13] Fairness to the de-

---

[8] *See Rauser v. Rauser,* 52 Wis. 2d 665, 671–72, 190 N.W.2d 875, 878–79 (1971).

[9] *Kamp Implement Co. v. Amsterdam Lumber,* 533 P.2d 1072, 1076 (Mont. 1975); *Agnew v. Union Constr. Co.,* 291 S.W.2d 106, 109 (Mo. 1956).

[10] *Bruner v. Kops,* 105 Wis. 2d 614, 618, 314 N.W.2d 892, 894 (Ct. App. 1981).

[11] *Barbian v. Lindner Bros. Trucking Co.,* 106 Wis. 2d 291, 296, 316 N.W.2d 371, 374 (1982).

[12] Restatement (Second) of Judgments § 19 (1982).

[13] *Zgela v. State,* 30 Wis. 2d 671, 675, 142 N.W.2d 224, 226 (1966).

fending party and sound judicial administration require that at some point litigation over the particular controversy must come to an end.[14]

The trial court held that, because the action in California was one for declaratory judgment, its effect is narrower than the *res judicata* effects of judgments in general. While the *res judicata* effect of a declaratory judgment may be narrower than other judgments,[15] the parties to the California action stipulated that the decision was to be a complete and final determination of the matter. Accordingly, for the purposes of *res judicata,* we conclude that the California judgment was a valid and final judgment.

Under the doctrine of *res judicata,* in order for the first action to bar the current action, there must be an identity of parties and an identity of claims in the two cases.[16] The same parties are involved here as were involved in the California case. The fact that the plaintiffs are different is immaterial because the claim being litigated before the trial court and this court is the right to indemnification between Berkel and SCM.

There also exists an identity of claims between the two actions. The matter determined in the California case is the same matter that the parties are asking the trial court and this court to determine in this case. The question of what the parties intended by paragraph 8 of the 1956 agreement was clearly before the California courts and decided by them in favor of SCM.

We find no merit to Berkel's argument that there is not identity of claims because the issue of choice of law was not decided by the California Court of Appeals. As

---

[14] Restatement (Second) of Judgments § 19 comment a (1982).

[15] *Barbian, supra* note 11, at 296–97, 316 N.W.2d at 374–75.

[16] *Id.* at 296, 316 N.W.2d at 374.

we have noted above, the doctrine of *res judicata* is applicable to matters which were actually litigated or which might have been litigated.[17] We also find no merit to Berkel's argument that the California judgment should not be *res judicata* because to accord this judgment full faith and credit would be contrary to Wisconsin's public policy. This court has adopted sec. 117 of the Restatement (Second) of Conflicts of Laws (1971).[18] Section 117 reads: "A valid judgment rendered in one State of the United States will be recognized and enforced in a sister state even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim." Therefore, assuming without deciding that the California judgment is contrary to the public policy of Wisconsin, the California judgment must be accorded full faith and credit by the courts of this state.

Accordingly, we hold that the California judgment, being entitled to full faith and credit, is *res judicata* and therefore, bars the relitigation of this matter between Berkel and SCM. Thus, the trial court should have granted SCM summary judgment as a matter of law. On remand, the trial court is directed to require Berkel to indemnify SCM for any judgment rendered in favor of Hamilton against SCM and to conduct, at its sole expense, the defense of SCM.

*By the Court.*—Order reversed and cause remanded with directions.

---

[17] *Id.*

[18] *Fortino, supra* note 7, at 21, 298 N.W.2d at 238.