The AETNA CASUALTY & SURETY COMPANY, Plaintiff-Appellant,

v.

Thomas OWEN, Robert Owen, Phyllis Owen, United Services Automobile Association, Brian Duffy, Karl Weseljak, Mary Weseljak and American Family Mutual Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 94–1462. Submitted on briefs December 19, 1994.—Decided February 22, 1995.*

(Also reported in 530 NW2d 51.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert W. Zillmer, Jr.* of *Mueller, Goss & Darnieder, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Larry J. Britton* and *Richard G. Kalkhoff* of *Vlasak, Britton & Konkel, S.C.* of Milwaukee, and *Timothy J. Pike* and *Clayton L. Riddle* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J. The Aetna Casualty and Surety Company appeals from a summary judgment dismissing its subrogated claim because the period of limitations had lapsed before Aetna filed its action. Aetna asserts that the statute of limitations had been tolled for the period of time its insured's separate claim was pending. Because we conclude that the pendency of an action does not toll the statute of limitations for any independent subrogated claim arising out of an occurrence that caused the injury to the insured, we affirm the trial court.

On June 17, 1987, two minor children were playing with fireworks and started a fire that destroyed an unoccupied dwelling owned by Pine Wood Creek Development, Inc. (Pine Wood) and insured by Aetna. Aetna paid Pine Wood's full claim of $62,573 and under the terms of the insurance policy became subrogated to the rights of Pine Wood. On January 21, 1988, Pine Wood started an action to recover the depreciated market value of the dwelling and lost rents—damages not covered under the Aetna policy. Pine Wood named the two minor children, their parents and the parents' insurers as defendants; Pine Wood did not name Aetna in the action. However, Aetna was independently aware of the action because of an exchange of correspondence with the insurers of one set of parents. Aetna decided not to pursue its subrogation interests until the outcome of Pine Wood's action. Pine Wood and the principal defendants entered into a stipulation and order for dismissal of the action on October 15, 1990.

Aetna started an action to recover the total amount of the claim against the two minor children, their parents and the parents' insurers on July 15, 1993. On February 15, 1994, the trial court granted the defendants' motions for summary judgment holding that Aetna's action was barred by the statute of limitations, § 893.52, STATS. In reaching this conclusion, the trial court rejected Aetna's argument that under § 893.13(2), STATS., the filing of Pine Wood's action tolled the running of the statute of limitations. The trial court reasoned that Pine Wood's action sought damages not covered in the fire loss payment from Aetna. The trial court concluded that because Pine Wood's action was independent of Aetna's subrogation interest, the filing of the action did not toll the statute of limitations.

Aetna concedes, as it must, that § 893.52, STATS., imposes a six-year statute of limitations for damages to real property.[1] Aetna places its reliance on § 893.13(2), STATS.:

> A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

Aetna contends that this statute compels that the period of time between the commencement of Pine Wood's action, January 21, 1988, and the dismissal of its action, October 15, 1990, is not to be counted in computing the six years in which it has to commence an action to recover its fire loss payment. Aetna concludes that its commencement of the action on July 15, 1993, was within six years of the fire.

In reviewing a summary judgment, we independently use the same well-known methodology employed by the trial court. *See Fritsch v. St. Croix Central Sch. Dist.*, 183 Wis. 2d 336, 342, 515 N.W.2d 328, 330 (Ct. App. 1994). We limit our consideration to the question of law submitted because the material facts are not in dispute. This appeal turns on whether Pine Wood's commencement of an action on January 21, 1988, tolled the running of § 893.52, STATS., until

---

[1] Section 893.52, STATS., provides:

**Action for damages for injury to property**. An action, not arising on contract, to recover damages for an injury to real or personal property shall be commenced within 6 years after the cause of action accrues or be barred, except in the case where a different period is expressly prescribed.

the dismissal of the action on October 15, 1990. The answer to this question is controlled by statute and our analysis is de novo. *See Fox v. Smith,* 159 Wis. 2d 581, 584, 464 N.W.2d 845, 847 (Ct. App. 1990).

Aetna begins with the proposition that Pine Wood's claims for relief arose from a single cause of action and a grouping of facts falling into a single occurrence—the fire that destroyed the dwelling. *See Caygill v. Ipsen,* 27 Wis. 2d 578, 582, 135 N.W.2d 284, 286 (1965). It reasons that under the theory of subrogation it assumes the rights or claims of its insured when it pays the fire loss and that these rights are no greater than the rights the insured would have had. Aetna concludes that subrogation does not create a second or separate cause of action with secondary or lesser legal rights.

From this point, Aetna argues that under *Bruner v. Kops,* 105 Wis. 2d 614, 314 N.W.2d 892 (Ct. App. 1981), when its insured commenced the action on January 21, 1988, the statute of limitations was tolled for Aetna's subrogation claim because all parts of the entire claim arising out of a cause of action were inextricably joined together. Under Aetna's theory an insured's claim and an insurer's subrogation claim are constituent parts of a cause of action and the commencement of a lawsuit on any constituent part tolls the statute of limitations as to all constituent parts.

We disagree. In *Bruner,* we held that the joinder principles in § 803.03(2), STATS., compel the conclusion that there is only one cause of action and that the commencement of an action by the principal claimant effectively commences action on all of the constituent parts. *Bruner,* 105 Wis. 2d at 624-25, 314 N.W.2d at 897.

However, *Bruner* is not as broad as it might at first blush seem to be. *Bruner* is easily distinguishable from this appeal. First, in *Bruner* the plaintiff brought an action for assault and battery seeking to recover damages that he had already recovered from the victim's compensation program under ch. 949, STATS. *Bruner*, 105 Wis. 2d at 616, 314 N.W.2d at 893. In this case, Pine Wood has limited its recovery to damages it has not recovered. Second, in *Bruner* the Department of Justice was found to be an indispensable party under the provisions of §§ 949.15 and 803.03(2), STATS. *Bruner*, 105 Wis. 2d at 622, 314 N.W.2d at 896. Here, because Pine Wood was seeking relief for damages not included in the fire loss payment from Aetna, Aetna is not an indispensable party because its claim was not subrogated to the claims pled by Pine Wood. Third, in *Bruner* the Department of Justice attempted to take affirmative steps to acknowledge its subrogation interest by assigning that interest to Bruner. *Id.* at 620, 314 N.W.2d at 895. Here, although Aetna was on notice that its insured had commenced an action, it purposefully elected not to take any action to either acknowledge or protect its interest.

We conclude that the solution to the issue before us is found in *Anderson v. Garber,* 160 Wis. 2d 389, 466 N.W.2d 221 (Ct. App. 1991). *Anderson* is an appeal and cross-appeal arising out of a medical malpractice action. In the cross-appeal, Anderson challenged the trial court's decision reducing her damage award by the amount of her medical expenses paid by her insurers, *id.* at 397, 466 N.W.2d at 224, and we were required to resolve whether the statute of limitations had run on the insurers' subrogation rights. We concluded that Anderson tolled the statute of limitations by joining the insurers as defendants under

§ 803.03(2), Stats. *Anderson*, 160 Wis. 2d. at 400-01, 466 N.W.2d at 225-26. In discussing the statute of limitations, we explained *Bruner* in a footnote:

> While we agree that the statute of limitations does not bar joinder of a subrogated claim, *we note that filing the principal claim does not "toll" the statute to allow an independent claim by the insurer.* The holding of *Bruner* can be seen to authorize the relation back of an insurer's cause of action when joined as a party. *See* sec. 802.09(3), Stats. Other jurisdictions reach this result on the theory that a party can intervene in a suit even if the statute of limitations has run on its original action.

*Anderson*, 160 Wis. 2d at 400 n.3, 466 N.W.2d at 226 (emphasis added).

Aetna contends that this discussion in *Anderson* is *dicta* that fails to recognize the reasoning of *Bruner* and confuses the concepts of independent claims for relief of the insured and insurer with the concept of constituent parts of a cause of action. Aetna maintains that the discussion in *Anderson* needlessly complicates the process of tolling a limitations period.

We are satisfied that *Anderson* and *Bruner* are compatible. In *Bruner,* we reached the conclusion that the commencement of an action by the principal claimant effectively commences action on all of the constituent parts. *Bruner,* 105 Wis. 2d at 624-25, 314 N.W.2d at 897. From this conclusion it logically follows that the commencement of an action also tolls the running of the statute of limitations on all of the constituent parts. In *Anderson,* we explained that the tolling of the limitations period does not grant a grace period to an insurer to commence an independent claim. We wrote that when read together, *Bruner* and § 802.09(3), Stats. (relation back of amendments to the

pleadings) lead to the conclusion that when an insurer is joined as a party its claim relates back to the commencement date of the insured's principal claim. *Anderson*, 160 Wis. 2d at 400 n.3, 466 N.W.2d at 226.

We reject Aetna's assertion that delineating a difference between "constituent parts of a cause of action" and an "independent cause of action" is error. Paraphrasing *Bruner*, a "constituent part of a cause of action" is present where a person "possess[es] part of the original cause of action by means of subrogation." *Bruner*, 105 Wis. 2d at 624, 314 N.W.2d at 897. Nothing Aetna claims now was part of Pine Wood's original cause of action. Thus, Aetna's action can only be termed "independent" of it. Stated another way, simply because Aetna's claim arises out of the fire does not make it a "constituent part" of Pine Wood's claim. To be a constituent part, Aetna's claim must be a constituent part of Pine Wood's "original cause of action," not just part of the occurrence that caused Pine Wood's injury.

This reading is consistent with commentary explaining the joinder statute, "Subsection (2) of section 803.03 is designed to eliminate the confusion of statute of limitations questions with the rules governing joinder of parties." Charles D. Clausen and David P. Lowe, *The New Wisconsin Rules of Civil Procedure Chapters* 801-803, 59 MARQ. L. REV. 1, 89 (1976). The elimination of confusion happens because if an insurer with a subrogated interest joins a pending action at any time, the subrogated interest relates back to the date of commencement of the action. If the limitation period has not lapsed on the day the action was commenced, it will be considered not to have lapsed as to the subrogated constituent interest even if the

751

insurer joins the pending action outside of the limitations period.

The operation of this rule can best be demonstrated with the events in this case. The fire giving rise to the cause of action occurred on June 17, 1987; therefore, the six-year statute of limitations expired on June 17, 1993. Pine Wood commenced its action on January 21, 1988, well within the period of limitations. If, for the purpose of this example, Pine Wood's action was still pending on July 15, 1993 (the date Aetna commenced action on its subrogated claim) and Aetna moved to intervene on that date, its subrogated interest would relate back to the day Pine Wood commenced its action and Aetna would have the benefit of the limitations period *not* having expired.

Section 893.13(2), STATS., compliments this application of the joinder and relation back statutes. This statute expressly states that the period between the date of commencement of an action and the date of termination of an action is not to be counted in computing the limitation period. *Id.* This provision does nothing more than insure that the joinder of constituent parts of a cause of action, during the pendency of the action, is not frustrated by the application of the appropriate statute of limitations.

Aetna's position creates confusion over the application of limitation periods. If we were to accept Aetna's arguments, § 893.13(2), STATS., would be read to give an insurer with an independent subrogation claim additional time to commence an action beyond the expiration of the limitations period. Under the facts of this case, Aetna argues that it should be given an additional two years and eight months, the time Pine Wood's action was pending, *beyond* the expiration of the six-year limitation period to commence an action on

752

its subrogation claim. Aetna's argument weakens the underlying purpose of a statute of limitations "to protect defendants and the courts from . . . stale claims springing up at great distances of time, and surprising the parties . . . when all the evidence, once vivid, has since become obscure." *Air Prods. & Chemicals, Inc. v. Fairbanks Morse, Inc.*, 58 Wis. 2d 193, 203, 206 N.W.2d 414, 419 (1973) (quoted source omitted).

In addition, if we were to accede to Aetna's position, we would unduly prolong the time period during which an independent action can be commenced. *See Korth v. American Family Ins. Co.*, 115 Wis. 2d 326, 333, 340 N.W.2d 494, 497 (1983). We are satisfied that our decision reasonably and fairly construes the statute of limitations and is sensitive to protecting access to the courts. *Id.* Our decision balances the rights of an insurer to pursue its subrogation claim with the rights of a defendant to a contemporaneous resolution of claims.

*By the Court.*—Judgment affirmed.