In the

# United States Court of Appeals
### For the Seventh Circuit

—————

No. 02-3466

RANDOLPH J. WILHELM,

*Plaintiff-Appellant,*

*v.*

COUNTY OF MILWAUKEE, MARY LOU LINTON,
FRED J. KNOX, THOMAS J. PARKER,
ROBERT W. SCHROEDER, WILLIAM G. TESTDORF,
SUSAN L. BALDWIN, and GREG McKINSTRY,

*Defendants-Appellees.*

—————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01-C-028—**Aaron E. Goodstein**, *Magistrate Judge.*

—————

ARGUED FEBRUARY 14, 2003—DECIDED APRIL 4, 2003

—————

Before FLAUM, *Chief Judge*, and DIANE P. WOOD and
EVANS, *Circuit Judges*.

EVANS, *Circuit Judge*.  Randolph Wilhelm filed this case,
pursuant to 42 U.S.C. § 1983, claiming damages resulting
from the interruption of his employment as a Milwaukee,
Wisconsin, County park worker. The district court granted
the County's motion for summary judgment on the basis
of claim preclusion.

As a worker in the Milwaukee County Department of
Parks, Recreation and Culture, Wilhelm was subject to a

drug testing policy. After he tested positive for marijuana, termination proceedings were brought against him. The proceedings ended when he entered into a settlement agreement which said that for a period of 3,120 work hours he would be subject to dismissal without a hearing for any violation of the County work rules (which, of course, included a prohibition of drug use). During the 3,120-hour period he was again selected for drug testing. On this occasion he did not provide a urine sample. Under the work rules, refusal to test is the same as testing positive, and he was terminated from employment. He later claimed that he was physically unable to provide the sample because he was dehydrated.

Wilhelm requested a hearing before the County's Personnel Review Board, which declined the request, relying on the prior settlement agreement. Wilhelm filed a writ of certiorari to the Circuit Court for Milwaukee County, which reversed the PRB decision and required a hearing on the issue as to whether he had a valid medical excuse for not providing the sample. The court reasoned that Wilhelm was denied the opportunity to present reasons why he was unable to provide the sample or to present evidence from medical doctors that would validate his excuse. Therefore, due process was said to mandate a hearing. The County appealed, and the decision was affirmed by the Wisconsin Court of Appeals.

At the subsequent PRB hearing, Wilhelm was ordered reinstated with back pay and benefits. The County petitioned the circuit court for review of the decision and did not pay the back pay during the time the case was pending. This time, the court affirmed the judgment and Wilhelm was paid $81,737.77 in back pay.

Wilhelm next filed a civil action, again in the Circuit Court for Milwaukee County, seeking a declaration that he was entitled to interest on the back pay. He also sought

treble damages and attorney fees. The circuit court granted judgment for the County.

Wilhelm's next step was to file the present civil rights action in federal court. As we said, the district court dismissed it on claim preclusion grounds, saying primarily that the first circuit court case precluded the present one.

Wilhelm finds a number of things wrong with that decision, including that under Wisconsin law he could not have included a civil rights action in his first case, the petition for certiorari. He also says that the existence of the petition was not the basis on which the County sought summary judgment, so the court was wrong to decide the case on a basis not presented to it. We review the decision *de novo*. *Green v. Shalala*, 51 F.3d 96 (7th Cir. 1995).

Wilhelm is right that he was not required to bring his present claims in connection with the petition for certiorari. In *Hanlon v. Town of Milton*, 612 N.W.2d 44, 48 (2000), the Wisconsin Supreme Court said:

> Because the issue of monetary damages could not have been litigated in the Wis. Stat. ch. 68 proceeding, we conclude that Hanlon's § 1983 claim could not have been brought by him within his ch. 68 certiorari review.

Furthermore, claim preclusion does not ordinarily apply in cases under ch. 68. *Hanlon* again:

> We conclude that the principles underlying the doctrine of claim preclusion cannot be achieved by joining a § 1983 claim with a certiorari proceeding brought pursuant to Wis. Stat. ch. 68. Therefore, failing to join these claims does not bar Hanlon's present cause of action.
>
> ¶ 21 Wisconsin Stat. ch. 68 certiorari is a limited form of review, while a claim under § 1983 exists as a

"uniquely federal remedy" that "is to be accorded a sweep as broad as its language."

At 49. So the petition for certiorari, on claim preclusion grounds, does not bar the present case. Unfortunately for Wilhelm, he stubs his toe on his second circuit court case which was a run-of-the-mill civil action for interest, damages, and attorney fees. While Wilhelm tries to paint it as limited to an action on a debt, the complaint is not so narrow.

The issue becomes, then, whether claim preclusion applies based on the second case. Before we look at this issue, we first note that the fact that the district court did not use the second case as the basis for its decision is no impediment to our considering it. We can affirm a district court's decision on any sufficient basis supported in the record. *Vitug v. Multistate Tax Comm'n*, 88 F.3d 506 (7th Cir. 1996).

Under 28 U.S.C. § 1738, federal courts must give a state court judgment the same preclusive effect that it would receive under state law. *Allen v. McCurry*, 449 U.S. 90 (1980). The general principle of claim preclusion is designed to encourage the finality of judgments and prevent repetitive litigation. *In re Radocay's Estate*, 142 N.W.2d 224 (1966). The rule bars relitigation of the same cause of action between the same parties where the first litigation resulted in a valid, final judgment on the merits. *Juneau Square Corp. v. First Wis. Nat'l Bank of Milwaukee*, 364 N.W.2d 164 (Wis. App. 1985). For claim preclusion to apply there must be a final judgment on the merits in an earlier action, an identity of the cause of action in both suits, and an identity of parties or privies in the two suits. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988). It is only the second requirement we must be concerned with here.

Wisconsin uses the "transactional analysis" of the Restatement (Second) of Judgments as a guide in applying

the rule. All claims arising out of one transaction or one factual situation are treated as being a part of a single cause of action, and they must be litigated together:

> Under this approach, "the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Northern States Power*, 525 N.W.2d at 729, quoting Restatement (2d) of Judgments § 24(1) (1982). The Wisconsin courts focus on facts, not legal theories, to determine whether an action is precluded. See Northern States Power, 525 N.W.2d at 729 ("[T]he number of substantive theories that may be available to a plaintiff is immaterial—if they all arise from the same factual underpinnings they must all be brought in the same action or be barred from future consideration.").

*Froebel v. Meyer*, 217 F.3d 928, 934 (7th Cir. 2000).

For claim preclusion to apply, the actual litigation of the issue is not required. The earlier judgment is conclusive as to "all matters which were litigated *or which might have been litigated*" in that proceeding. *Jantzen v. Baker*, 388 N.W.2d 660, 662 (Wis. App. 1986) (emphasis in original).

We see no reason that Wilhelm's present civil rights action should not have been joined with his second state court civil suit. State courts are competent to decide cases brought under § 1983. As the Court said in *Nevada v. Hicks*, 533 U.S. 353, 366 (2001), "state courts of 'general jurisdiction' can adjudicate cases invoking federal statutes, such as § 1983, absent congressional specification to the contrary." Here, both the state court case and the present case involve alleged damages to Wilhelm arising out of the interruption of his employment with Milwaukee County. To require him to litigate all issues in one forum is

well within the claim preclusion rules as set out by the Wisconsin courts.

Accordingly, the decision of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—4-4-03