**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 13, 2005[*]
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2996

| | |
|---|---|
| JEARLEAN FRANKLIN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>THE CITY OF CHICAGO POLICE<br>DEPARTMENT and SBC<br>AMERITECH INC.,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division<br><br>No. 02 C 3354<br><br>George M. Marovich,<br>*Judge.* |

**O R D E R**

Jearlean Franklin sued the City of Chicago Police Department ("CPD") and SBC Ameritech, Inc., under 42 U.S.C. § 1983 and the Federal Wiretapping Act, 18 U.S.C. § 2511, alleging that the CPD harassed her and illegally tapped her phone and that SBC did not prevent the wiretap.  The district court dismissed the complaint, and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Franklin unsuccessfully sued the CPD for false arrest in 1997. As a consequence of that suit, she says that CPD officers repeatedly harassed her, tapped her phone, and made harassing calls. In 2000, Franklin returned to state court and charged the City of Chicago with harassment, and the court dismissed the complaint. In 2002, Franklin then filed this suit in federal court, alleging that CPD's harassment violated her constitutional rights. She also alleges that both CPD's wiretap and SBC's failure to prevent the wiretap violated the Federal Wiretapping Act, 18 U.S.C. § 2511.

The district court tried, successively, to appoint attorneys to represent Franklin; two withdrew over disagreements with Franklin regarding "litigation strategy." The district court ultimately dismissed Franklin's *pro se* complaint. The court determined that *res judicata* barred Franklin's § 1983 claims against the CPD because the state court in 2000 had entered a final judgment against Franklin based on the same set of facts, and because both suits had the same parties and claims. Because Franklin did not allege that any state control was exercised over SBC's functions, the district court dismissed the § 1983 claims against SBC. Finally, the district court dismissed the wiretapping claims because it determined that municipalities are not considered "persons" under the Federal Wiretapping Act so the city could not be liable, and SBC did not violate the Act because it did not intentionally intercept any of Franklin's communications.

On appeal, Franklin only vaguely challenges the district court's dismissal of her § 1983 claims against the CPD on *res judicata* grounds. Franklin contends in general terms that she is asserting unspecified constitutional claims that she failed to present in state court.

Federal courts give state judgments the same preclusive effect that they would receive under state law, *Wilhelm v. County of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003), and in Illinois, *res judicata* bars claims that were or could have been raised in a prior action that reached a final judgment on the merits. *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002) (citing state law). To determine whether there is an identity between claims for purposes of *res judicata*, Illinois uses a "transactional test"; under that test, claims that assert different legal theories are considered to be identical if they arise from a single set of operative facts. *Licari*, 298 F.3d at 667. Franklin's complaints in state and federal court both arise from a single set of operative facts: the harassment undertaken by the CPD against her in retaliation for her 1997 lawsuit. Her federal-court claims were essentially resolved in the 2000 state court proceeding. She has not tried to distinguish between the claims, and thus we are precluded from reviewing them now.

Franklin next reasserts that the city violated the Federal Wiretapping Act by "wiretapping, eavesdropping and interception [sic] of personal conversations" without a "court order." As the district court correctly observed, however, a municipality cannot be held liable under the Federal Wiretapping Act, *see Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976, 980 (7th Cir. 2000); *Amati v. City of Woodstock*, 176 F.3d 952, 956 (7th Cir. 1999).

Franklin also argues that the district court should have appointed her new counsel after her last two attorneys withdrew successively because of "strategic differences" with Franklin. Generally, litigants do not have a constitutional right to counsel in a civil lawsuit, *Synergy Assoc., Inc. v. Sun Biotechnologies, Inc.*, 350 F.3d 681, 683 (7th Cir. 2003), but the court may, in its discretion, assign an attorney to someone who cannot afford counsel, 18 U.S.C. § 1915(e)(1). The district court here did not abuse its discretion in declining to appoint counsel for Franklin because it correctly determined that Franklin could not state a claim, and the presence of counsel would not have "made a difference in the outcome." *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

Finally, Franklin continues to contend that SBC should have prevented the CPD from using their telephone services to harass her. But she fails to develop the argument so it is waived. *United States v. Washburn*, 383 F.3d 638, 643 (7th Cir. 2004).

Accordingly, the district court's judgment is AFFIRMED.