## JONES v. HOME INSURANCE CO. OF NEW YORK.

No. 35140.  March 31, 1953.

*255 P. 2d 489.*

Percy Hughes, Hobart, for plaintiff in error.

Satterfield, Franklin & Harmon, Oklahoma City, for defendant in error.

DAVISON, J. By this action, Dolly Jones, plaintiff, sought to recover from the Home Insurance Company of New York, a corporation, defendant, for the total loss by fire of an automobile, allegedly covered by the terms of a policy of fire insurance. The parties will be referred to as they appeared in the trial court.

Plaintiff purchased the automobile here involved, a 1947 Frazer Manhat-

tan, in December, 1947, insuring the same with defendant against loss by fire. It was totally destroyed by fire on May 5, 1948, while being driven by her husband, Leroy Jones, in the State of Texas. Plaintiff alleged in her petition, as amended, that any possession of the car by the said Leroy Jones was without her knowledge or consent and that she did not know the mission or business of the said Leroy Jones at the time the car was burned.

The defendant, by answer, denied generally the allegations in the petition and specifically alleged that at the time of loss and in violation of the terms of the insurance policy the vehicle was being used in an illicit trade and transportation, which relieved the defendant from liabilty thereunder. A trial of the case to a jury resulted in a verdict and judgment for defendant, from which plaintiff has perfected this appeal.

Two questions are presented for determination: namely, the sufficiency of the evidence to support the verdict and judgment, and the competency of the documents by which defendant sought to prove that Leroy Jones was illegally transporting intoxicating liquor at the time of the burning of the automobile. These will be discussed inversely to the order in which they are presented.

Over the objection and exception of plaintiff, the trial court permitted defendant to introduce in evidence a copy of the information filed in the Texas court, charging Leroy Jones with the unlawful transportation of whisky in a dry county, also a copy of the judgment and sentence entered upon said Leroy Jones' plea of guilty. The objection to the documents was not as to their authenticity, but that they could not be introduced in evidence in the absence of a pleading setting out the Texas statute which was allegedly violated. In support of the argument, the case of Hinds v. Atlas Acceptance Corp., 178 Okla. 474, 63 P. 2d 29; State v. Wright, 193 Okla. 383, 143 P. 2d 801, are cited and quoted. Those cases, however, differ materially from the one at bar. There, the proffered evidence was that of the contents of a foreign statute. Here, the evidence was a copy of a judgment wherein a violation of a foreign statute was adjudicated. It makes little difference what the statutory provisions were in the light of a judgment where no question is raised as to its authenticity or as to the jurisdiction of the court rendering it.

"Section 1 of art. 4 of the Federal Constitution requires that we give full faith and credit to the judgment of a sister state unless it is absolutely void. * * * It cannot be collaterally attacked in other states. * * * The judgment is conclusive in Oklahoma and re-examination of any of the issues therein is prohibited."

Moody et al. v. Branson et al., 192 Okla. 327, 136 P. 2d 925.

The trial court was correct in overruling the objection to the admission of the evidence.

As to the sufficiency of the evidence, it must be borne in mind that this case was tried to a jury and that the judgment is based upon the verdict. We are thus limited in review by the universally adopted rule that:

"If there is any testimony reasonably tending to support the verdict of the jury, and said verdict has been approved by the trial court, the judgment will not be disturbed on appeal."

This rule quoted from the case of Newsom v. Medis, 205 Okla. 574, 239 P. 2d 784, is only a restatement from numerous earlier decisions.

Plaintiff testified that the said Leroy Jones took the automobile without her knowledge or consent and that she immediately notified the officers of the occurrence. Her testimony, as a whole, was very unsatisfactory, being filled with evidences of an exceptionally convenient memory (or lack of it). The record contains the testimony of other witnesses to the effect that plaintiff and Leroy Jones had been married

some 27 years; that they had several cars in addition to the one here involved; that the said Leroy Jones was seen driving this car on numerous occasions, but they had never seen plaintiff driving it. Measured by the above-quoted rule the verdict of the jury is binding on this court.

The judgment is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, O'NEAL, WILLIAMS, BLACKBIRD, JJ., concur.