CARL W. WIDMER *v.* ROY G. WOOD AND HELEN L. WOOD

5-4548                                     427 S. W. 2d 537

Opinion delivered May 13, 1968

*Carl W. Widmer,* pro se.

*Hardin, Barton, Hardin & Jesson,* for appellees.

CONLEY BYRD, Justice. Appellant Carl W. Widmer appeals from a decree sustaining a plea of res judicata to his action for specific performance. His grounds for reversal are that the trial court erred in not holding all his requested admissions of fact as being admitted, in not granting his motion for summary judgment, and in sustaining the plea of res judicata. Since a plea of res judicata is in actuality a plea of confession and avoidance, we do not reach the first two points because we hold that the trial court was correct in entering a summary judgment upon the plea of res judicata.

Appellant's complaint is based upon a sales agreement with appellees Roy G. Wood and Helen L. Wood, under date of October 19, 1961, for the sale of lands located in Sequoyah County, Oklahoma. After appellant had filed requests for admissions of fact and motions for summary judgment, appellees filed a motion for summary judgment specifically pleading as a defense a judgment entered in the Sebastian Circuit Court on May 12, 1967, between the same parties. Attached to appellees' motion for summary judgment was the circuit court judgment which contained detailed findings of fact and a detailed statement of the issues between the parties. The circuit court judgment was the result of a suit brought by Roy G. Wood against Carl W. Widmer to recover the abstract to the real estate involved. It showed that as a defense to the recovery of the abstract Carl W. Widmer pleaded the same breach of the sales agreement upon which he here relies. The trial court there specifically found the issues relative to the sales agreement in favor of Roy G. Wood. The motion for summary judgment was filed on July 18, 1967, and the record shows no response by appellant Widmer to this motion. The order granting the summary judgment on the plea of res judicata was entered September 1, 1967, more than 30 days after the filing of the motion for summary judgment.

"In *Mid-South Ins. Co.* v. *1st Nat. Bk., Ft. Smith,* 241 Ark. 935, 410 S. W. 2d 873 (1967), we held that the motion for summary judgment requires the opposition to remove the shielding cloak of formal allegations and to demonstrate a genuine issue as to a material fact. Under the circumstances we think the plea of res judicata was well taken and that the trial court was correct in awarding the summary judgment. Nor can we find anything in *Southern Farmers Ass'n* v. *Wyatt,* 234 Ark. 649, 353 S. W. 2d 531 (1962), that would require us to arrive at a different conclusion.

Affirmed.