CHESTER KING SR *v.* CLYDE LOVELL, JR. ET UX

73-106                                          499 S.W. 2d 859

Opinion delivered October 15, 1973

*J. Harrod Berry,* for appellant.

*Matthews, Purtle, Osterloh & Weber,* for appellees.

GEORGE ROSE SMITH, Justice. The outcome of this litigation between neighbors turns upon whether Treadway Road, in Pulaski county, is a public road or a private road. The chancellor found it to be private and entered a decree allowing the appellees to maintain at its entrance a sign reading: "Private Road—Use Only By Permission or Right." The appellant insists that Treadway Road is actually a public road and that therefore the sign should be taken down.

The road in question, only 660 feet long, runs north from Faulkner Road, an east-west county road. The appellees' property is on the west side of Treadway Road, a little more than 200 feet north of Faulkner Road. The appellant's property lies slightly farther to the north and about 500 feet east of Treadway Road. For a number of years Treadway Road has provided access to the houses owned and occupied by the parties.

In 1967 the appellant King and three other landowners brought this suit to enjoin various defendants

from obstructing Treadway Road. The appellee Lovell, joined as a defendant, filed an answer asserting that Treadway Road was in fact a private driveway in which the plaintiffs had no "rights of egress and ingress." The appellant King, as a plaintiff, then filed a reply stating that "in truth and in fact the said Treadway Road is a private driveway, and plaintiff [King] has no rights arising by virtue of prescription." Apparently the other three plaintiffs did not join in King's concession that the road was a private driveway.

On March 18, 1968, the chancellor entered a decree dismissing the suit as to Lovell's codefendants and making this finding with respect to Lovell and King: "That under the evidence in this case the defendant, Clyde Lovell, Jr., should be permanently restrained and enjoined from interfering with the use by Chester King, Sr., (and his successors in title) of the road known as Treadway Road as a means of egress and ingress from and to his property to and from Faulkner Road, and he is hereby so restrained from interfering with such use." There was no appeal from that decree.

In 1972 King filed the present petition, asserting that Lovell was interfering with King's use of Treadway Road and asking that Lovell be held in contempt of court and be enjoined from further interference with King's rights. At a hearing the parties introduced testimony bearing upon the public or private character of Treadway Road. The chancellor, as we have said, found the road to be a private one and permitted the Lovells to erect a sign so stating.

We agree with the chancellor. In the first place, the 1968 decree appears to be conclusive as between King and Lovell. The binding effect of a judgment is to be determined by the pleadings as well as by the judgment itself. *Webb* v. *Herpin*, 217 Ark. 826, 233 S.W. 2d 385 (1950). Here both King and Lovell had filed pleadings averring that Treadway Road was a private driveway. The chancellor evidently adopted that view, because the decree recognized King's rights in the road only as a means of egress and ingress from and to his

property. That limitation in the decree is not in harmony with King's present assertion that Treadway Road is a public thoroughfare in which he has unlimited rights.

In the second place, the chancellor again found, in the supplementary decree now before us, that Treadway is a private road. That finding is not contrary to the weight of the evidence. The fee title to the strip occupied by the road is privately owned. There has been no formal dedication of a right of way to the public. It does not clearly appear that the road has been used by the public in general other than as a means of access to a few homes in the vicinity. Such a restricted user could be regarded as giving rise to a private easement rather than to a public one. See *Barbee* v. *Carpenter*, 223 Ark. 660, 267 S.W. 2d 768 (1954). Although certain witnesses living on Lawson Road testified that they used Treadway Road as a means of access to the upper Hot Springs highway, the relationship of the three roads to one another is so inadequately described that we are unable to follow the appellant's argument in this respect. Upon the record as a whole the decree does not clearly appear to be against the preponderance of the proof.

Affirmed.