VIRGIL MILLER, APPELLANT, v. TOM KINGSLEY, SR., APPELLEE.
TIM ADRIAN ET AL., APPELLANTS, v. VERNON DAHLGREN, APPELLEE.
GAYLE SCHULTZE, APPELLANT, v. DARRELL LAVENE, APPELLEE.

230 N. W. 2d 472

Filed June 12, 1975. Nos. 39821, 39822, 39823.

Munro, Parker, Munro & Grossart, for appellants.

William H. Sherwood and John E. Dier, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

These cases were proceedings to register foreign judgments. Although each case involves different parties and the amounts of the judgments are different, they involve similar facts and questions of law. The cases were consolidated for trial in the District Court and were consolidated in this court for briefing, argument, and consideration.

The judgments were obtained in the District Court of Norton County, Kansas, in 1967. Each judgment included an item of $275 in punitive damages. They arose out of the sale of cattle by residents of Kansas to residents of Nebraska. The defendants alleged the cattle were afflicted with coccidiosis when they were shipped into Nebraska, and were delivered in violation of section 54-753.05, R. R. S. 1943. The defendants further alleged the judgments were repugnant to the laws of Nebraska because they included punitive damages in violation of Article I, section 3, of the Constitution of Nebraska. The defendants raised other issues which are not important to the decision in the present appeals.

The parties stipulated that the question relating to punitive damages would be tried first and all other issues reserved. The trial court found the judgments were repugnant to the laws of Nebraska because they included awards of punitive damages and dismissed the petitions and cross-petitions. The plaintiffs have appealed.

It is a fundamental rule of law in this state that punitive, vindictive, or exemplary damages are not allowed. The measure of recovery in all civil cases is compensation for the injury sustained. Abel v. Conover, 170 Neb. 926, 104 N. W. 2d 684.

Under the Uniform Enforcement of Foreign Judgments Act, a judgment of another state is entitled to registration if it is entitled to full faith and credit in this state. §§ 25-1587 to 25-15,104, R. R. S. 1943. The defendants contend the judgments involved in these cases

were not entitled to full faith and credit because they were in conflict with the fundamental law of Nebraska. The question is one of federal law. It involves a construction of the full faith and credit clause of the Constitution of the United States and the act of 1790 implementing that provision.

Section 1 of Article IV of the Constitution of the United States provides: "Full Faith and Credit shall be given in each State to the Public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Congress has provided the manner in which judicial proceedings of other states shall be authenticated and has provided that such proceedings shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of the state from which they are taken. 28 U. S. C. A., § 1738.

The general rule is that a judgment of a state court which had jurisdiction has the same credit, validity, and effect in every other court in the United States which it had in the state where it was pronounced. A state may not refuse to enforce a judgment of a foreign state on the ground that it would result in a violation of the public policy of the forum state.

In Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039, the Supreme Court of the United States held that Mississippi was required to enforce a Missouri judgment based upon a Mississippi transaction upon which no recovery could have been had in Mississippi. The transaction was a gambling contract in cotton futures which was illegal and void under Mississippi law. In holding that the Missouri judgment was valid in Mississippi, Mr. Justice Holmes stated: "The doctrine laid down by Chief Justice Marshall was 'that the judgment of a state court should have the same credit, validity, and effect in every other court in the United States,

which it had in the State where it was pronounced, and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any other court of the United States.' "

In Roche v. McDonald, 275 U. S. 449, 48 S. Ct. 142, 72 L. Ed. 365, the court stated: "It is settled by repeated decisions of this Court that the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State."

In Estin v. Estin, 334 U. S. 541, 68 S. Ct. 1213, 92 L. Ed. 1561, the court stated: "The situations where a judgment of one State has been denied full faith and credit in another State, because its enforcement would contravene the latter's policy, have been few and far between. * * * The Full Faith and Credit Clause is not to be applied, accordion-like, to accommodate our personal predilections. It substituted a command for the earlier principles of comity and thus basically altered the status of the States as independent sovereigns. * * * It ordered submission by one State even to hostile policies reflected in the judgment of another State, because the practical operation of the federal system, which the Constitution designed, demanded it." (Citations omitted.)

The rule is stated in Restatement as follows: "A valid judgment rendered in one State of the United States will be recognized and enforced in a sister State even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim." Restatement, Conflict of Laws 2d, § 117, p. 339. See, also, Leflar, American Conflicts Law, § 87, p. 201; Goodrich & Scoles, Conflict of Laws, § 211, p. 398; Annotation, 44 A. L. R. 3d 960.

A distinction is made between the judgments and statutes of a foreign state. Williams v. North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279; Magnolia Petroleum Co. v. Hunt, 320 U. S. 430, 64 S. Ct. 208, 88 L. Ed. 149. The authorities cited by the defendants may be distinguished upon this ground. As stated in Magnolia Petroleum Co. v. Hunt, *supra*: The forum state need not give application to the *statute* of another state where the *statute* is in conflict with the laws or policy of the forum.

Williams v. North Carolina, *supra,* cited by the defendants, was decided upon the ground that North Carolina was not bound by the finding of the Nevada court concerning the jurisdictional fact of domicile. The issue as to whether the Kansas court had jurisdiction in the cases at bar was reserved by the trial court and is not before us at this time.

The judgment in each case is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.