Howard D. TANNER et al *v.*
CITY OF LITTLE ROCK et al

77-11                                      550 S.W. 2d 177

Opinion delivered May 16, 1977
(In Banc)

*Tom Tanner,* for appellants.

*Wright, Lindsey & Jennings; Friday, Eldredge & Clark; Rose, Nash, Williamson, Carroll, Clay & Giroir; Joseph C. Kemp* and *Riddick Riffel,* for appellees.

GEORGE ROSE SMITH, Justice. The question here is whether the residents of an area that is in the process of being annexed to a city have the right to vote in a municipal bond election before the annexation is effective. We agree with the trial court's holding, upon stipulated facts, that the asserted right to vote does not exist.

At the 1975 general election the voters approved the proposed annexation of certain territory to the City of Little Rock. However, the effective date of the annexation was postponed by a circuit court action challenging the validity of the annexation. Ark. Stat. Ann. § 19-307.2 (Supp. 1975). On August 17, 1976, while the annexation contest was still pending, the city directors called a municipal election, to be held on September 21, to authorize the issuance of bonds to finance five separate public improvements. Notice of the elec-

tion was published for four weeks, as required by Amendment 13 to the Constitution of 1874.

On September 15, after a two-day trial of the annexation contest, the circuit judge orally announced his decision sustaining the annexation. On September 21 the electors residing within the city approved the proposed bond issue by a vote of more than four to one. On September 30 the circuit judge signed an order approving the annexation. On October 11 the appellants filed this class suit for a declaratory judgment holding the bond election to be void, on the ground that the residents of the area that was being annexed were not allowed to vote in the election. (There is actually no indication that any resident of the area asked to be allowed to vote.)

The trial court was right in refusing to set aside the bond election. Amendment 13 provides: "Qualified voters of said municipality only shall have a right to vote at said elections." Section 19-307.2 of the statutes provides that the annexation, in the event of a contest, becomes effective on the date the circuit court judgment becomes final. Under our procedural statutes a circuit court judgment does not become final until at least thirty days after its entry. *Cranna v. Long,* 225 Ark. 153, 279 S.W. 2d 828 (1955). As a practical matter, the city presumably needed a similar period of thirty days before the election in which to give notice of the election and to make the necessary arrangements for holding it. Yet, according to the appellants' argument, the election would have been void even if the circuit judge had not announced his oral findings until the day before the bond election. If that were the law it would be a virtual impossibility for a city to hold a valid bond election during the pendency of a contested annexation proceeding, since it could never be known in advance when the circuit judge might announce his decision.

The appellants also argue that they were constitutionally entitled to vote at the bond election, else they would be denied due process and equal protection and would be taxed without representation. Not so. Property owners within an area that is annexed to a city are ordinarily subject to municipal taxation for municipal purposes, even though the taxes may have been approved by the municipal electors

before the annexation. McQuillin, Municipal Corporations, § 7.48 (3d ed., 1966). The right to vote for or against taxes may be limited to voters who are residents of the city at the time of the election. We so held in *McKenzie v. City of DeWitt,* 196 Ark. 1115, 121 S.W. 2d 71 (1938). There a nonresident of the city of DeWitt, who owned property in the city, argued that he was entitled to vote at an election which might subject his property to taxation. In rejecting that argument we said:

> [O]ne of the appellants who did not reside in the city was not permitted to vote in the election, although he owned real property in said city, which will be subject to the additional tax of five mills. This contention [that the tax upon his property was invalid] is by no means unique, but because of the fact that the principle involved, of taxation without representation, has the heritage of generations to support it, adds nothing to its merit. In truth, it is wholly without merit because a provision of the Constitution, under which the city of DeWitt is acting, provides: "Qualified voters of said municipality only shall have a right to vote at said elections."

That is the same constitutional issue that is now before us.

Affirmed.