### 34960. CANNON v. CANNON.

UNDERCOFLER, Presiding Justice.

In this case, a North Carolina judgment based upon a contract of separation was incorporated into a Georgia divorce decree on the issues of alimony, child support and custody at the wife's request and over the husband's objection. See *Shepherd v. Shepherd,* 241 Ga. 484 (246 SE2d 183) (1978). The North Carolina contract, which included a provision not to contest a later divorce, is clearly void as against the public policy of this state. *Birch v. Anthony,* 109 Ga. 349 (34 SE 561) (1899). The issue here is whether that North Carolina judgment is nevertheless entitled to full faith and credit. We hold that it is and affirm.

In *Campbell v. Campbell,* 231 Ga. 214 (200 SE2d 899) (1973), we held that an Indiana consent judgment on a separation agreement settling the issues of alimony, child support and child custody was entitled to full faith and credit. Estin v. Estin, 334 U. S. 541 (1948), Coe v. Coe, 334 U. S. 378 (1948). See Sherrer v. Sherrer, 334 U. S. 343 (1948); Davis v. Davis, 305 U. S. 32 (1938). That here the North Carolina consent judgment contains a clause making it void as against the public policy of this state does not change this rule. It is clear that local policy considerations must give way to this constitutional provision. Magnolia Petroleum Co. v. Hunt, 320 U. S. 430 (1943). For example, in Fauntleroy v. Lum, 210 U. S. 230 (1908), a Missouri judgment was entitled to full faith and credit in Mississippi even though it was based on a gambling debt unenforceable in Mississippi. The trial court correctly recognized that the North Carolina alimony judgment was entitled to full faith and credit and did not err in incorporating it in the divorce decree.

The motion to dismiss is denied.
*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 1, 1979 — DECIDED SEPTEMBER 6, 1979 —
REHEARING DENIED SEPTEMBER 25, 1979.

*Finestone & Cardon, Wayne L. Cardon,* for
appellant.
*Charles A. Evans,* for appellee.