74210. HARGREAVES v. GREATE BAY HOTEL & CASINO.
(357 SE2d 305)

SOGNIER, Judge.

Greate Bay Hotel & Casino (Greate Bay) obtained a valid judgment against George Hargreaves in New Jersey in its suit to collect a gambling debt. Greate Bay then filed suit against Hargreaves in Georgia to domesticate the New Jersey judgment. The trial court granted summary judgment in favor of Greate Bay, and Hargreaves appeals.

Appellant contends the trial court erred by granting judgment to Greate Bay as a matter of law because the underlying debt is a gambling debt, and it is against the public policy of the State of Georgia to enforce such a debt. OCGA § 13-8-2 (a) (4). Although fully aware that gambling is against the public policy of Georgia, we note this is not a suit on the gambling debt itself, but rather a suit to domesticate a valid judgment of a sister state. It is undisputed that Hargreaves filed an answer and counterclaim in the New Jersey action, thus conferring valid jurisdiction on that court. Both the United States Supreme Court, *Fauntleroy v. Lum*, 210 U. S. 230 (28 SC 641, 52 LE 1039) (1908), and the Georgia Supreme Court, *Cannon v. Cannon*, 244 Ga. 299 (260 SE2d 19) (1979), have held that full faith and credit must be accorded the valid judgment of another state, even though such a judgment could not have been obtained in our own courts because the underlying contract is void as against the state's public policy. "A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis." *Milwaukee County v. M. E. White Co.*, 296 U. S. 268, 275 (56 SC 229, 80 LE 220) (1935). We are therefore bound to affirm the decision of the trial court.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

Decided May 13, 1987.

*John McGuigan, Jr.,* for appellant.
*Teresa M. Wright,* for appellee.