A89A0242. BOYER et al. v. KORSUNSKY, FRANK, ERICKSON ARCHITECTS, INC.
(382 SE2d 362)

BIRDSONG, Judge.

This is an appeal from the trial court's order denying appellant's petition to amend, set aside and vacate the foreign consent judgment from the Circuit Court of Wayne County, Michigan, entered on the general execution docket of DeKalb County.

On November 1, 1982, appellees filed a complaint in Wayne County, Michigan, for money damages in the amount of $28,587.29 plus interest arising from appellant's alleged failure to pay the amount due on an open account. After protracted litigation, consent judgment was entered by the Wayne County Circuit Court on September 2, 1986. The consent decree provided that appellants/defendants "agree to pay and shall pay [appellees] the sum of $18,000.00 which includes all interest, attorney fees and costs, by paying $2000.00 on August 15, 1986 and $200.00 per month for 24 consecu-

tive months . . . and further that the total balance remaining shall be due and payable to [appellees] on October 1, 1988." The consent decree further provided that "in the event that any payment due hereunder is insufficient, dishonored or is not received by the [appellees' lawyers] . . . by the end of the business day on the 10th day of each and every respective month due, then the obligation hereunder shall be immediately considered in default and the Consent Judgment in the sum of $26,000.00 plus judgment interest from November 1, 1982 shall become immediately due and payable, less any payments received prior to default, which shall be credited first against interest and then against principal. . . ."

Appellants performed in accordance with the terms of the consent judgment through April 1988. However, on May 11, 1988, appellees' attorneys received from appellants a check for $200, which subsequently was returned unpaid due to nonsufficient funds. Appellees immediately instituted collection proceedings in this state, pursuant to the terms of the Consent Judgment, to collect the amount of $42,435.44. This amount includes the $26,000 default consent judgment amount as increased by the Michigan statutory judgment interest rate of 12 percent per year compounded annually since November 1, 1982.

Appellants assert that the trial court erred in failing to find that the Michigan consent judgment contains an illegal penalty unenforceable in this state. We disagree.

Appellants do not assert that the Michigan consent judgment was in violation of the public policy of that state, rather they assert that the provisions of the consent judgment constituted a penalty in violation of the public policy of the State of Georgia. We find the facts of this case distinguishable from *Adams v. D & D Leasing Co.*, 191 Ga. App. 121 (381 SE2d 94).

A valid judgment of a sister state must be accorded full faith and credit "even though such a judgment could not have been obtained in our own courts because the underlying contract is void as against the state's public policy." *Hargreaves v. Greate Bay Hotel &c.*, 182 Ga. App. 852 (357 SE2d 305), citing *Fauntleroy v. Lum*, 210 U. S. 230 (28 SC 641, 52 LE 1039) and *Cannon v. Cannon*, 244 Ga. 299 (260 SE2d 19). As a general rule, a consent judgment is entitled to full faith and credit in the same manner as any other judgment. See *Campbell v. Campbell*, 231 Ga. 214 (3) (200 SE2d 899). Thus, assuming arguendo the provision in this consent judgment was a penalty in clear violation of the public policy of this state, the Michigan consent judgment "is nevertheless entitled to full faith and credit." *Cannon v. Cannon*, supra.

Moreover, we find the facts of all the cases relied upon by appellants to be distinguishable from the facts of this case.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 1, 1989 —
REHEARING DENIED MAY 12, 1989 —

*Bondurant, Mixson & Elmore, H. Lamar Mixson, Joseph D. Young*, for appellants.
*Walker L. Chandler*, for appellee.