Byron L. MAGNESS and Sandra W. Magness *v.* Willie McENTIRE

91-5                                          808 S.W.2d 783

Supreme Court of Arkansas
Opinion delivered May 20, 1991

504

*James F. Lane*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Sam Laser* and *Brian Allen Brown*, for appellee.

DONALD L. CORBIN, Justice. Appellants filed suit against appellee in Saline Circuit Court for damages to real property allegedly caused by appellee's negligence. Appellants hired appellee to clear certain Saline County real estate and to make a road thereon. Appellants claimed that appellee negligently cleared approximately 8,000 square feet of adjacent real estate, causing damages of approximately $5,000. Appellee moved for summary judgment on the grounds that appellants were not the real parties in interest to maintain the suit. Appellee also argued that appellants' Assignment of Cause of Action, which was filed as an exhibit to their Response to Summary Judgment, was not

certified and therefore not in compliance with Ark. R. Civ. P. 56(e).

On June 22, 1989, in response to appellee's summary judgment motion, the trial court entered a peculiar order which appears below in its entirety:

Defendant Willie McEntire has moved for summary judgment pursuant to Rule 56 of the Arkansas Rules of Civil Procedure. After due consideration, this Court grants summary judgment.

The Complaint of the Plaintiff is hereby dismissed without prejudice.

DATED this 14th day of June, 1989.

Following the entry of this ambiguous order, appellants interpreted it as a dismissal without prejudice and again filed suit against appellee based on the same cause of action. Appellee then moved for summary judgment. On September 21, 1990, the trial court granted appellee's motion, stating that "[t]he record before the Court indicates that this matter is *res judicata* . . . ." With no remaining issues of law or fact to be adjudicated, the action was "DISMISSED WITH PREJUDICE." It is from this September 21, 1990 order of summary judgment that appellants appeal.

When reviewing a summary judgment, this court considers whether the summary judgment was appropriate based on the evidence presented and whether it left any material question of fact unanswered. *Ragar* v. *Krug*, 303 Ark. 161, 794 S.W.2d 151 (1990). The summary judgment order we are asked to review in this case was entered on the grounds of *res judicata*. The doctrine of *res judicata* requires an adjudication on the merits. *McCormac* v. *McCormac*, 304 Ark. 89, 799 S.W.2d 806 (1990). There is no doubt that an order granting summary judgment is a final adjudication on the merits which bars subsequent suits on the same cause of action. *Widmer* v. *Wood*, 244 Ark. 891, 427 S.W.2d 537 (1968); *Estate of Knott* v. *Jones*, 14 Ark. App. 271, 687 S.W.2d 529 (1985). However, a dismissal without prejudice is not an adjudication on the merits and will not bar a subsequent suit on the same cause of action. *Benedict* v. *Arbor Acres Farm, Inc.*, 265 Ark. 574, 579 S.W.2d 605 (1979). Thus, the issue before

us is whether the June 22, 1989 order is an adjudication on the merits that will support the trial court's September 21, 1990 order of summary judgment based on *res judicata*. In short, the issue is whether the June 22, 1989 order is an order of summary judgment or a dismissal without prejudice.

How then are we to interpret the ambiguous order of the trial court dated June 22, 1989? As a general rule, judgments are construed like any other instruments; the determinative factor is the intention of the court, as gathered from the judgment itself and the record. We have followed this general rule stating that judgments should be reviewed by looking to the judgment itself, pleadings, and any evidence presented. *Webb* v. *Herpin*, 217 Ark. 826, 233 S.W.2d 385 (1950); *Young* v. *Gurdon*, 169 Ark. 399, 275 S.W. 890 (1925); *Nakdimen* v. *Brazil*, 137 Ark. 188, 208 S.W. 431 (1919). Most recently, this court has applied this rule in *Arkansas State Bank Comm'r* v. *Bank of Marvell*, 304 Ark. 602, 804 S.W.2d 692 (1991). There, we stated that in interpreting a lower court's order, "[w]hile we look to the language in which [the] order is couched, we also look to whether the evidence supports [the] ruling . . . ." *Arkansas State Bank Comm'r*, 304 Ark. at 607, 804 S.W.2d at 694, (citing *Nakdimen* v. *Brazil*, 137 Ark. 188, 208 S.W. 431 (1919)).

Applying the foregoing rule of construction to this case, we conclude that the trial court's order dated June 22, 1989, is in effect an involuntary dismissal pursuant to Ark. R. Civ. P. 41(b). After reviewing the record, it is apparent the trial court could have found that appellants failed to join necessary parties or to comply with the certification requirement of Ark. R. Civ. P. 56(e) and that appellants should be given a chance to re-file their claim in compliance with the Arkansas Rules of Civil Procedure. In such a situation, an involuntary dismissal under Rule 41(b) would be appropriate.

Because we construe the June 22, 1989 order as a dismissal without prejudice, we conclude it was error for the trial judge to grant summary judgment and preclude appellants' claim. We reverse the September 21, 1990 summary judgment and remand this case to the trial court for a trial on the merits pursuant to Ark. R. Civ. P. 41 and Ark. Code Ann. § 16-56-126 (1987).

GLAZE, J., not participating.