David W. SMITH, Executor of the Estate
of Genevieve B. Smith, Appellant,

v.

SHELTER MUTUAL INSURANCE
COMPANY, Appellee.

No. 80160.

Supreme Court of Oklahoma.

Jan. 18, 1994.

Steven R. Hickman, Tulsa, for appellant.

Robert L. Jones, Jr., Fort Smith, AR, John Robert Montgomery, Sallisaw, for appellee.

KAUGER, Justice:

The issue presented is whether the trial court, giving full faith and credit[1] to the Arkansas judgment, properly granted summary judgment. We find that because the Arkansas judgment is entitled to full faith and credit, summary judgment was properly granted.

## FACTS

On November 11, 1989, in Sequoyah County, Oklahoma, a vehicle owned by Genevieve Smith (decedent), and driven by Wanda L. Lindley (the Arkansas driver), collided with a vehicle driven by Daryl Wayne Jones (the Oklahoma driver). Because a stop sign was no longer standing, the Arkansas driver failed to stop at an intersection striking the Oklahoma driver. The decedent, the passenger in her own vehicle, subsequently died as a result of injuries sustained in the accident. The decedent was insured by the appellee, Shelter Mutual Insurance Company (insurance company), under an Arkansas policy. The decedent's representative (estate representative) filed a claim against the insurance company for uninsured/underinsured motorist coverage.[2] Pursuant to its policy, the insurance company paid the decedent's estate

1. U.S. Const. art. 4, § 1 provides in pertinent part:
   "... Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State ..."

2. The limits under the Shelter Insurance Policy were as follows: $100,000.00 per person/$300,000.00 per accident for bodily injury; $25,000.00 for property damage; $5,000.00 for medical payments; $5,000.00 for accidental

$5,000.00 for medical; $5,000.00 for accidental death; and it paid for the damage to the decedent's automobile. The insurance company denied the estate representative's claim under the uninsured motorist provision.

On September 10, 1990, the insurance company filed an action for declaratory judgment in the Circuit Court of Pope County, Arkansas, naming the decedent and the Arkansas driver. The insurance company requested that the court find that: 1) the insurance company had no liability under the uninsured motorist provision of the decedent's policy for the injury and death of the decedent because the decedent was excluded from the uninsured motorist provision of the policy;[3] 2) in the event the Arkansas driver sued the decedent, there was no duty under the policy to defend or pay the Arkansas driver because the decedent was not covered under the policy; and 3) the automobiles owned by the decedent and the Oklahoma driver were in-

sured at the time of the accident and did not qualify as uninsured motor vehicles.

On November 29, 1990, while the Arkansas action was pending, the estate representative filed an action in Sequoyah County, Oklahoma, against the Sequoyah County Board of County Commissioners, the Oklahoma driver, and the Arkansas driver for negligence and wrongful death. The petition also named the insurance company as a defendant alleging that, under the policy's uninsured motorist provision, the decedent's damages exceeded the limits of the other named defendant's insurance policies.[4]

Pursuant to its request for declaratory judgment, the insurance company filed a motion for summary judgment in Arkansas on January 24, 1991. Both the Arkansas driver and the estate representative defended the motions for declaratory and summary judgment in Arkansas.[5] On May 20, 1991, the Arkansas court entered declaratory judg-

death; and $25,000.00 per person/$50,000.00 per accident for uninsured motorist. Although the insurance policy contains an uninsured motorist provision, there is no specific provision for underinsured motorist coverage. The estate representative argues that Arkansas law relieves an uninsured motorist carrier from liability when the tortfeasors involved are insured whereas under Oklahoma law, uninsured motorist benefits can be stacked onto the liability of the tortfeasors. Title 36 O.S.1991 § 3636—Uninsured Motorist Coverage—provides in pertinent part:

"... C. For the purposes of this coverage the term 'uninsured motor vehicle' shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency. For the purpose of this coverage the term 'uninsured motor vehicle' shall also include an insured motor vehicle, the liability limits of which are less than the amount of the claim of the person or persons making such claim, regardless of the amount of coverage of either of the parties in relation to each other ...

E. ... any payment made by the insured tortfeasor shall not reduce or be a credit against the total liability limits as provided in the insured's own uninsured motorist coverage ..."

3. The Shelter insurance policy provides for uninsured motorist under Part IV—Coverage E—Uninsured Motorists (Damages for Bodily Injury). In pertinent part the section provides:

"... **We** will pay damages for **bodily injury** which an **insured** or the **insured's** legal repre-

sentative is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** ...
Exclusions—Coverage E does not apply:
(1) To **bodily injury** to an **insured** while occupying a **motor vehicle** (other than an **insured auto**) owned by **you** or a **relative** ..." (Emphasis in original.)

4. The estate representative claimed damages in excess of $100,000.00. When the accident occurred, the Arkansas driver had liability insurance coverage issued in Arkansas by State Farm Insurance Company with $25,000.00 per person/$50,000.00 per accident policy limits. The Oklahoma driver had liability insurance coverage issued in Oklahoma by State Farm Insurance Company with $50,000.00 per person/$100,000.00 per accident policy limits.

5. The Arkansas driver responded with a counterclaim against the insurance company requesting that the court find that the Arkansas driver was an insured pursuant to the policy, and that the insurance company had a duty to defend any claims against the Arkansas driver. The estate representative filed a motion for an alternative declaratory judgment arguing that the litigation was governed by Oklahoma law and that Arkansas did not have jurisdiction over all the necessary parties or the subject matter of the litigation.

ment against the estate representative and the Arkansas driver; and it granted the insurance company's motion for summary judgment. The insurance company filed a motion for summary judgment in the Oklahoma court, insisting that: 1) the Arkansas order is entitled to full faith and credit in Oklahoma; and 2) *res judicata* precludes the estate representative's claim against the insurance company. After a hearing, the trial court granted the insurance company's motion for summary judgment and dismissed the estate representative's claim with prejudice on October 17, 1991. The estate representative appealed.[6]

## BECAUSE THE ARKANSAS JUDGMENT IS ENTITLED TO FULL FAITH AND CREDIT, SUMMARY JUDGMENT WAS PROPERLY GRANTED.

■ The estate representative argues that the trial court erred in granting summary judgment and in dismissing the insurance company from the Oklahoma action. The insurance company insists that the estate representative is precluded from filing a claim against the insurance company because an Arkansas court already determined that the decedent was not covered under the policy. The insurance company contends the Arkansas judgment must be given full faith and credit. The estate representative counters that the Arkansas judgment violates the public policy of this state and should not be given full faith and credit.

The estate representative relies on *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 797 (Okla.1991), for the proposition that when express provisions of an out-of-state insurance contract conflict with Oklahoma public policy, Oklahoma law applies to interpret and enforce the contract.[7] *Bohannan* is distinguishable from the instant case because *Bohannan* involved choice of law principles rather than whether Oklahoma courts must give full faith and credit to a final judgment of another state.[8]

■ Where a similar controversy between the same parties is pending in a sepa-

---

**6.** On January 21, 1992, and February 10, 1992, the estate representative settled with the Oklahoma driver and the Arkansas driver respectively. Both drivers were dismissed as party defendants with prejudice. The Sequoyah County Board of Commissioners was dismissed with prejudice after settling with the decedent on July 28, 1992. The parties remaining in this litigation are the decedent and the decedent's insurance carrier, Shelter.

**7.** The estate representative also cites *Lewis v. State Farm Mut. Auto Ins. Co.*, 838 P.2d 535, 536 (Okla.App.1992) and *Pate v. MFA Mut. Ins. Co.*, 649 P.2d 809, 811 (Okla.App.1982) for the proposition that insurance contracts which credit or set-off settlements or that attempt to prevent stacking contradict Oklahoma public policy. However, these cases, like *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 797 (Okla.1991), did not involve the application of a judgment of another state between the same parties. *Bohannan* stands for the application of choice of law principles and is supported by United States Supreme Court decisions. In *Nevada v. Hall*, 440 U.S. 410, 421–22, 99 S.Ct. 1182, 1188, 59 L.Ed.2d 416, 426 (1979) the Supreme Court held that the full faith and credit clause does not require a state to apply another state's law in violation of its own legitimate public policy. However, determining which law to apply and determining whether to give full faith and credit to a judgment of a sister state are two different questions. In *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308,

101 S.Ct. 633, 637–638, 66 L.Ed.2d 521, 527–28 (1981), the Supreme Court found that the full faith and credit clause does not limit a state's application of its own law to litigation having multistate aspects. However, the Court recognized that "different considerations are of course at issue when full faith and credit is to be accorded to acts, records, and proceedings outside the choice-of-law area, such as in the case of sister state—court judgments."

**8.** In *Bohannan v. Allstate Ins. Co.*, see note 7, supra, a California resident was a passenger in an Oklahoma resident's vehicle when the vehicle collided with another Oklahoma resident's automobile. The California resident sustained bodily injuries and filed a suit in Oklahoma against both drivers and her own insurance carrier to recover damages. Both Oklahoma residents settled and paid their policy limits. The question remained whether the California insurance contract should be interpreted in accordance with Oklahoma law or under California law. We held, in *Bohannan*, that, under choice of law rules, Oklahoma law applies when the application of an out-of-state insurance contract would violate the public policy of Oklahoma; however, we recognized that the California insurance carrier could have sought relief from the California resident's claim in a California forum, rather than seeking the benefit of California public policy in an Oklahoma action.

rate jurisdiction, each forum is generally free to proceed to a judgment. The first judgment precludes the sister jurisdiction from determining issues that were or could have been raised in the first action.[9] The United States Constitution [10] requires that full faith and credit be accorded a final judgment of a sister state court having jurisdiction of the parties and of the issues determined.[11] The local law of the state where the judgment is rendered determines the issues decided and whether a judgment is on the merits.[12]

Under Arkansas law, for a judgment to be final it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy.[13] A circuit court judgment does not become final until at least thirty days after its entry.[14] An order granting summary judgment is a final adjudication on the merits which bars subsequent suits on the same cause of action.[15] Here, the insurance company requested that the Arkansas court declare that the decedent was not covered under the uninsured motorist provision of the Arkansas insurance policy. The estate representative defended against the insur-

ance company's motion in Arkansas. The court, after considering both parties' arguments, granted the insurance company's request and dismissed the parties from the action. There is no indication from the record that the estate representative appealed the Arkansas decision. The circuit court order was issued on May 20, 1991; and it became a final decision on the merits thirty days later.

Arkansas courts recognize two types of preclusion: claim preclusion and issue preclusion. Claim preclusion bars relitigation of a subsequent suit when: 1) the first suit resulted in a judgment on the merits; 2) the first suit was based upon proper jurisdiction; 3) the first suit was fully contested in good faith; 4) both suits involved the same claim or cause of action which was litigated or could have been litigated; and 5) both suits involve the same parties.[16] Issue preclusion bars the relitigation of those matters directly and necessarily litigated in the previous action.[17] The binding effect of a judgment is determined by the pleadings as well as by the judgment itself.[18]

Under Arkansas law and the facts presented, the elements of claim preclusion are met:

9. *Panama Processes v. Cities Service Co.* 796 P.2d 276, 284 (Okla.1990); *Gutensohn v. McGuirt* 194 Okl. 64, 147 P.2d 777, 784 (1944).

10. U.S. Const. art 4, § 1, see note 1, supra.

11. *Roundtree v. Bates,* 630 P.2d 1299, 1301 (Okla.1981); *Concannon v. Hampton,* 584 P.2d 218, 222 (Okla.1978); *Jones v. Home Ins. Co. of New York,* 208 Okl. 276, 255 P.2d 489, 491 (1953) (A judgment of one state is entitled to full faith and credit in every other state unless void for want of jurisdiction and cannot be collaterally attacked in other states.)

12. *Thoring v. LaCounte,* 225 Mont. 77, 733 P.2d 340, 342 (1987); *Johnson Bros. Wholesale Liquor Co. v. Clemmons,* 233 Kan. 405, 661 P.2d 1242, 1245 (1983) *cert. denied* 464 U.S. 936, 104 S.Ct. 345, 78 L.Ed.2d 311 (1983) (Validity and finality of foreign judgment are to be tested where judgment was rendered.); *Ibach v. Ibach,* 123 Ariz. 507, 600 P.2d 1370, 1373–74 (1979); *American Inst. of Marketing Systems, Inc. v. Willard Realty Co. of Raleigh,* 277 N.C. 230, 176 S.E.2d 775, 777 (1970).

13. *Arkansas Dept. of Human Serv. v. Farris,* 309 Ark. 575, 832 S.W.2d 482, 483 (1992); *Arkansas*

*Dept. of Human Serv. v. Lopez,* 302 Ark. 154, 787 S.W.2d 686, 687 (1990); *Taylor v. Taylor,* 26 Ark.App. 31, 759 S.W.2d 222, 223 (1988).

14. *Tanner v. City of Little Rock,* 261 Ark. 573, 550 S.W.2d 177, 178 (1977); *Cranna v. Long,* 225 Ark. 153, 279 S.W.2d 828, 830 (1955).

15. *Magness v. McEntire,* 305 Ark. 503, 808 S.W.2d 783, 784 (1991). *Widmer v. Wood,* 244 Ark. 891, 427 S.W.2d 537, 538 (1968); *Estate of Knott v. Jones* 14 Ark.App. 271, 687 S.W.2d 529, 530–31 (1985).

16. *American Standard v. Miller Eng'g,* 299 Ark. 347, 772 S.W.2d 344, 346 (1989); *Swofford v. Stafford* 295 Ark. 433, 748 S.W.2d 660, 661 (1988); *Bailey v. Harris Brake Fire Protection Dist.,* 287 Ark. 268, 697 S.W.2d 916, 917 (1985).

17. *Bailey v. Harris Brake Fire Protection Dist.,* note 16 at 917, supra; *Smith v. Raone,* 284 Ark. 568, 683 S.W.2d 935, 936 (1985).

18. *King v. Lovell,* 255 Ark. 264, 499 S.W.2d 859, 861 (1973); *Arkansas State Highway Com'n v. Wilmans,* 239 Ark. 281, 388 S.W.2d 916, 918 (1965).

1) the Arkansas court made a final determination on the merits that the decedent was not covered under the policy; 2) Arkansas had jurisdiction to determine rights and liability of insurance contracts issued in Arkansas to Arkansas residents;[19] 3) the estate representative appeared in Arkansas and fully contested the insurance company's lawsuit; 4) both suits involved the same claim or cause of action that was litigated;[20] and 5) the Arkansas suit involved the same parties present here. Full faith and credit requires every state to give a judgment rendered in another state at least the *res judicata* effect which the judgment would be accorded in the state which rendered it.[21] Before the Oklahoma court determined the insurance company's liability under the insurance policy, the Arkansas court found that the decedent was not covered under the policy. Accordingly, the estate representative's claim against the insurance company is barred by claim preclusion.

■ The estate representative argues that Oklahoma courts are not required to give full faith and credit to an out-of-state judgment if it violates the public policy of this state. We need not determine whether the Arkansas decision violates Oklahoma public policy because the full faith and credit clause requires that a valid judgment from one state be enforced or recognized in other states regardless of the public policy of the other state.[22] Summary judgment is proper only when the pleadings, affidavits, deposi-

**19.** Both the Arkansas driver and the decedent were Arkansas residents. The Shelter insurance policy was issued in Arkansas. In *Bohannan v. Allstate Ins. Co.* see note 7, supra, we recognized that the insurance company could have sought relief from the uninsured claim of its California insurance contract in a California forum, see discussion, note 8, supra.

**20.** The estate representative insists that the claim involved in the Arkansas suit differs from the present suit because the Oklahoma suit involves whether Oklahoma law applies and whether the named defendant's are liable for damages for wrongful death and negligence. However, the record reflects that the estate representative argued, in the Arkansas suit, that Oklahoma law would apply rather than Arkansas law. The Arkansas court decided whether Oklahoma or Arkansas law would apply when the court determined the decedent was not covered under the policy. Thus, the issue of which state's law applies has been litigated. Whether the Arkansas court correctly decided which law applied is inconsequential because where a duly authenticated record of a foreign judgment is produced in evidence, it is presumed that the court had jurisdiction of the parties and subject matter, absent proof or a contrary showing by the record. Such foreign judgment is not open to reexamination, either upon the merits or from voidable irregularities. *Simms v. Hobbs*, 411 P.2d 503, 507 (Okla.1966). When the Oklahoma court granted summary judgment the issues of liability and damages remained to be litigated against the Oklahoma driver, the Arkansas driver, and the Board of Commissioners; however, the estate representative was precluded from recovery of damages against the insurance company by the Arkansas Court's ruling.

**21.** *Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186, 190 (1963).

**22.** In *Fauntleroy v. Lum*, 210 U.S. 230, 237–38, 28 S.Ct. 641, 643, 52 L.Ed. 1039, 1042 (1908), the Supreme Court held that Mississippi was required to enforce a Missouri judgment based upon a Mississippi transaction upon which no recovery could have been had in Mississippi. The transaction was a gambling contract in cotton futures which was illegal and void under Mississippi law. In *Roche v. McDonald*, 275 U.S. 449, 452, 48 S.Ct. 142, 143, 72 L.Ed. 365, 368 (1928), the Supreme Court stated that "the full faith and credit clause ... requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits ... This rule is applicable where a judgment in one State is based upon a cause of action which arose in the State in which it is sought to be enforced, as well as in other cases; and the judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes." Several courts have recognized that there is no public policy exception to the recognition of out-of-state judgments. *Bard v. Charles R. Myers Ins. Agency*, 839 S.W.2d 791, 794 (Tex.1992); *Miller v. Kingsley*, 194 Neb. 123, 230 N.W.2d 472, 474–75 (1975); *Marina Ass'n v. Barton*, 206 Ill.App.3d 122, 151 Ill.Dec. 4, 7, 563 N.E.2d 1110, 1113 (1990); *Boyer v. Korsunsky*, 191 Ga.App. 549, 382 S.E.2d 362, 363 (1989); *M.R. Inv., Co., Inc. v. Hacker*, 511 So.2d 1099, 1100–01 (Fla.App. 1987); *Speyer v. Continental Sports Cars*, 34 Ohio App.3d 272, 518 N.E.2d 39, 42 (1986); *Tyus v. Tyus*, 160 Cal.App.3d 789, 206 Cal.Rptr. 817, 819–20 (1984); *Hamilton v. SCM Corp.*, 113 Wis.2d 25, 334 N.W.2d 688, 692 (Wis.App.1983); *Hilton Int'l Co. v. Arace*, 35 Conn.Supp. 522, 394 A.2d 739, 743–44 (1977). Restatement (Second) Conflicts of Law § 117 provides:
   "A valid judgment rendered in one State of the United States will be recognized and enforced

tions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[23] Because the Arkansas judgment is entitled to full faith and credit, relitigation of the matter between the insurance company and the estate representative is precluded. Accordingly, the trial court properly granted the insurance company summary judgment as a matter of law.

## CONCLUSION

When two actions involving the same parties and the same claim are pending, the first court to make a final determination on the merits precludes the other court from determining issues that were or could have been raised.[24] The Arkansas court was the first to make a final determination concerning the decedent's rights under the insurance policy. Thus, the Oklahoma court was precluded from relitigating the claim. Under the facts presented the Oklahoma court was required to give full faith and credit to the Arkansas judgment. Summary judgment was warranted.

**AFFIRMED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

OPALA, J., concurs in judgment.

ALMA WILSON, J., concurs in result.

in a sister State even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim." In *Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 282–84, 100 S.Ct. 2647, 2661–62, 65 L.Ed.2d 757, 773–74 (1980), the Supreme Court held that the full faith and credit clause did not require the District of Columbia to give full faith and credit to a Virginia worker's compensation award that would bar supplemental awards in the District of Columbia. The Court recognized a difference between a court of general jurisdiction and an administrative agency. The worker's compensation tribunal of Virginia was limited to applying Virginia law and could not determine rights under the District of Columbia law, therefore full faith and credit need not be given to determinations that Virginia had no authority to make. Other courts that have found exceptions to full faith and credit recognition have limited the exceptions to specific facts which are not similar to the present suit. See generally, J.

Mortland, "Interstate Federalism: Effect of Full Faith and Credit to Judgments," 46 Univ. of Dayton L.Rev. 16:1 (1990) (*Exceptions have been applied to suits affecting:* titles of land, statutes of limitation, probate, custody, injunctions, tax judgments and penalties, trusts, and workers compensation). At least one state does not recognize judgments that contradict with public policy. *Four Seasons Gardening & Landscaping v. Crouch,* 688 S.W.2d 439, 445 (Tenn.App.1984) (Recognizing that § 117 of the Restatement (Second) of Conflicts of Law is the more well-reasoned rule.).

23. *Buckner v. General Motors Corp.* 760 P.2d 803, 812 (Okla.1988).

24. *Panama Processes v. Cities Service Co.,* supra, note 9; *Gutensohn v. McGuirt,* supra, note 9.